*ORIGINAL*

37/8

# FORM FOR USE IN APPLICATIONS
## FOR HABEAS CORPUS UNDER 28 U.S.C. SECTION 2241

CA05-188E

## UNITED STATES DISTRICT COURT FOR THE
_WESTERN_ DISTRICT OF _PENNSYLVANIA_

CASE NO. _____ (to be supplied by the Clerk of Court)

**ROBERT EARTHMAN** _____, PETITIONER
(Full name -- include name under which you were convicted)

v.

_JAMES F SHERMAN_ _____, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

_Robert Earthman    #62089-061_
NAME AND PRISON NUMBER

_Federal Correctional Institution McKean   (Camp)_
PLACE OF CONFINEMENT

(If the petitioner wishes to attack a federal judgment under which a sentence was imposed he/she should file a motion under 28 U.S.C. Section 2255, in the federal court which entered the judgment).

### PETITION FOR WRIT OF HABEAS CORPUS UNDER SECTION 2241
### BY A PERSON IN FEDERAL CUSTODY

#### INSTRUCTIONS--READ CAREFULLY

1.    This petition must be legibly handwritten or typewritten, signed by the petitioner and subscribed to under penalty of perjury as being true and correct.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.  Where more room is needed to answer any question type or use lined paper.

2.    No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.    Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

4.    If you do not have the necessary filing fee, you may submit an application to proceed in forma pauperis , in which event you must execute the affidavit on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor.  You must also have an authorized official at the correctional facility complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.  If your prison account exceeds $150.00, you must pay the filing fee as required by the rule of the district court.

5.    Only judgments entered by one court may be challenged in a single petition.  If you seek to challenge judgments entered by different courts either in the same state or different  states, you must file separate petitions as to each court.

6.    Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

7.    When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is:

8.    Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

## PETITION

1.    Name and location of court which entered the judgment of conviction under which you are presently confined:

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

2.    Date of judgment of conviction: **JANUARY 19, 1990**

3.    Length of sentence: **300 MONTHS**  Sentencing Judge: **JAMES L. GRAHAM**

4.    Nature of offense or offenses for which you were convicted:

**Count 1 -- 21 U.S.C. § 846, Count 2 -- 21 U.S.C. § 841(a)(1), Count 4 -- 18 U.S.C. § 924(c), Count 6 -- 21 U.S.C. 841(a)(1) and § 845(a), Count 7 -- § 856(a)(2)**

5.    Were you sentenced on one or more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    YES ( **x** )    NO ( ).

6.    Do you have any further sentence to serve after you complete the sentence imposed by the judgment under attack?    YES ( )    NO ( **x** ).

(a)    If so, give name and location of court which imposed sentence to be served in the future:
**N/A**

(b)    And give date and length of sentence to be served in the future:
**N/A**

(c)    Have you filed, or do you contemplate filing, a petition attacking the judgment which imposed the sentence to be served in the future?    YES ( )    NO ( **x** ).

7.    State <u>concisely</u> every ground on which you claim that you are being held unlawfully.  Summarize <u>briefly</u> the <u>facts</u> supporting each ground:

(a)  Ground one:
**WHETHER THE B.O.P. ERRED IN "PRESUMING" THAT THE PETITIONER'S SENTENCE WAS ENHANCED UNDER 2D1.1 AFTER HIS 924(C) CHARGE WAS DISMISSED?**

Supporting **FACTS** (Tell your story <u>briefly</u> without citing cases or law):

**In the case at hand, the B.O.P. argues that the Petitioner should be denied the eligibility of reduction of his sentence under 3621(e)(2)(B) and this is because it is "presumed" the Petitioner received a two-point enhancement under 2D1.1.**

**The Petitioner argues that the B.O.P.'s presumption is incorrect as a matter of fact and therefore, this Honorable Court should correct the B.O.P.'s finding and Order the relief sought.**
**See -- Memorandum In Support**

(b) Ground two:

Supporting **FACTS** (Tell your story <u>briefly</u> without citing cases or law):

(b) Ground three:

Supporting **FACTS** (Tell your story <u>briefly</u> without citing cases or law):

(b) Ground four:

_____

_____

_____

Supporting **FACTS** (Tell your story <u>briefly</u> without citing cases or law):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

     WHEREFORE, petitioner prays that the court grant petitioner relief to which he/she may be entitled in this proceeding.

     I declare under penalty of perjury that the foregoing is true and correct.

6-12-05           _Robert Earthman_
(Date)                     (Signature)

                    (Signature of Attorney (if any))

W:\2241.WPD

## CERTIFICATE OF SERVICE

I hereby certify that I have sent the original and two copies of this petition to the Clerk of Court at (address) *P.O. Box 1805 Pittsburg, PA. 15230* , by U.S. mail with the correct postage paid.

*Robert Earthman*

Robert Earthman

Reg. No.: *62089-061*

(prison) *FCI McKean Camp*

(address) *P.O. Box 8000*

(city, state, zip) *Bradford, PA. 16701*

IN THE

UNITED STATES DISTRICT COURT

FOR THE _WESTERN_____ DISTRICT OF _PENNSyIvANIA_

| | | |
|---|---|---|
| Robert Earthman, (Prisoner) | . | Case No.: _____ |
| Petitioner | . | |
| | . | Judge: _____ |
| vs. | . | |
| _JAmES F. SHERMAN_, (Warden) | . | PETITION FOR WRIT OF HABEAS CORPUS UNDER SECTION 28 U.S.C. 2241, BY A PERSON IN FEDERAL |
| Respondent | . | CUSTODY |

## MOTION AND MEMORANDUM IN SUPPORT OF 28 U.S.C. § 2241

Now comes the Petitioner, Robert Earthman, pro-se, to move this Honorable Court pursuant to 28 U.S.C. § 2241 to vacate and set aside the B.O.P. judgement denying him eligibility for the reduction of his sentence pursuant to Title 18 U.S.C. § 3621(e)(2) (B). The Petitioner states, that the B.O.P. incorrectly applied it's policy program statement of 5162.04, which was used by the B.O.P. to deny him eligibility for early release. Therefore, this error should be corrected in the interest of justice. (See Memo-randum in support).

Respectfully Submitted,

_Robert Earthman_

Robert Earthman

## MEMORANDUM IN SUPPORT

(a)
### JURISDICTION DISCUSSION

This Court has jurisdiction to hear this petition.  A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed.  See -- Capaldi vs. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998); Downey vs. Crabtree, 100 F.3d 662, 664 (9th Cir.1996); Roussos vs. Menifee, 122 F.3d 159, 161, N.3 (3rd Cir.1997)(district court jurisdiction under § 2241 and 28 U.S.C. § 1331).  See also, Fuller vs. Moore, 133 F.3d 914 (4th Cir.1997); Venegas vs. Henman, 126 F.3d 760, 761 (5th Cir. 1997); Pearson vs. Helman, 103 F.3d 133 (7th Cir.1996); Sesler vs. Pitzer, 110 F.3d 569 (8th Cir.1997); and Byrd vs. Hasty, 142 F.3d 1395, 1396 (11th Cir.1998).

A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the B.O.P. that he or she is inelibible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B).  See -- Scroger vs. Booker, 39 F.Supp.2d 1296, 1299 (D.Kan.1999), and Perez vs. Hemingway, 157 F.Supp.2d 790, 793 (E.D.Mich.2001).

In addition, this Court has subject matter jurisdiction over this petition, even if the Petitioner "did or did not" exhaust his administrative remedies prior to seeking habeas relief, because exhaustion of administrative remedies is not required by statute -- it is jurisdictional.  See -- Brown vs. Rison, 895 F.2d 533, 535 (4th Cir.1990).  Any additional exhaustion of Administartive

remedies by Petitioner in this matter is not required to confer subject matter jurisdiction by this Court over Petitioner's § 2241 petition, because the explicit exhaustion requirements which are contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Prison Litigation Reform Act (PLRA) do not apply to habeas petitions filed under 28 U.S.C. 2241.  See  <u>United States vs. West</u>, 2003 WL1119990, 2 (E.D.Mich.Feb. 20, 2003); <u>Hicks vs. Hood</u>, 203 F.Supp.2d 379, 382 (D.Or. 2002).  Additionally, in light of the fact that program statement 5162.04 is mandatory in nature and automatically excludes from early release all inmates who have violated 18 U.S.C. § 841 and who have received two-level sentencing enhancement under the sentencing guidelines for possession of fire-arm, any further exhaustion on Petitioner's part would be futile and will thus be excused.  See, e.g. <u>Boucher vs. Lamanna</u>, 90 F.Supp.-2d 883, 887-88 (N.D.Ohio 2000);<u>Camper vs. Benov</u>, 966 F.Supp. 951 (C.D.Cal. 1997).

In 1994, Congress passed the Violent Crime and Control Act of 1994 ("ACT").  Part of the ACT directed the B.O.P. to make appro-priate substance abuse treatment available for each prisoner the Bureau determines has a treatable condition of substance abuse or addition.  See -- 18 U.S.C. 3621(b).

As an incentive to get inmates to participate in these programs, Congress provided that:

> "[t]he period a prisoner convicted of a non-violent
> offense remains in custody after successfully com-
> pleting a treatment program may be reduced by the
> Bureau of Prisons, but such reduction may not be
> more than one year from the term the prisoner must

otherwise serve.
18 U.S.C. § 3621(e)(2)(B).

Thereafter, on October 9, 1997, the Bureau of Prisons adopted a revised 28 C.F.R. 550.58. The revised regulation abandoned it's earlier incorporation of the "crime-of-violence" definition in 18 U.S.C. § 924(c)(3), and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. See -- 28 C.F.R. 550.58(a)(1)(vi)(B)(indicates that inmates whose current offense was a felony which involved "his carrying, possession, or use of a firearm, or other dangerous weapons or explosives" were not eligible for early release under § 3621(e)(2)(B). 28 C.F.R. 550.58 was made immediately effective on October 9, 1997, although it was not published in the Federal Register until October 15, 1997.

To aid B.O.P. staff in understanding and implementing these amendments to section 550.58, the B.O.P. issued program statement 5162.04, "Categorization of Offenses", effective October 9, 1997. Section 2 of P.S. 5162.04 provides that "[A]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 7 of P.S. 5162.04 further provides that B.O.P. staff must look at "sentence enhancement factors", such as possession of a firearm, which would subject a defendant to sentence enhancement under 2D1.1 and 2D1.11 of the Federal Sentencing Guidelines.

4

### (b)
### STATEMENT OF FACTS

On January 19, 1990, the Petitioner was sentenced to 300 months for the offenses charged. In this matter, the Petitioner received 240 months under Counts 1, 2, 6, and 7, and 60 months for Count 4, for a total of 300 months.

Thereafter, on May 1, 1997, the Petitioner filed a petition pursuant to 28 U.S.C. § 2255. On March 9, 1998, the Honorable Judge Graham granted the habeas corpus petition and vacated the sentence imposed in criminal case number CR-2-89-162 on count 4 of the superseding indictment. The sentence imposed on Counts 1, 2, 6, and 7 remain in full effect. See -- Exhibit B, Docket Sheet; and Exhibit C, judgement of § 2255. In this matter, there was no resentencing for enhancement purposes.


### (c)
### ARGUMENT ONE
WHETHER THE B.O.P. ERRED IN PRESUMING THAT THE
PETITIONER'S SENTENCE WAS ENHANCED UNDER 2D1.1
AFTER HIS 924(c) CHARGE WAS DISMISSED

In the case at hand, the B.O.P. argues that the Petitioner should be denied eligibility for early release and this is because:

> "Ineligible for early release under 3621(e) due
> to the following reason(s); 18 U.S.C. 924(c)
> vacated based on Court Order, however, the
> enhancement is "presumed" per P.S. 5162.04."

> See -- Exhibit A

Now in objection to the B.O.P. findings, the Petitioner argues that it cannot be "presumed" that his sentence was enhanced under

5

2D1.1 for possession of a dangerous weapon during the commission of a drug offense.  In this matter, a review of his judgement vacating his 18 U.S.C. § 924(c) charge, which enhanced his sentence from 20 (twenty) years to 25 (twenty-five) years imprisonment, does not reflect any enhancement after the vacating of his 924(c) charge, which left the Petitioner with 20 (twenty) years remaining to serve.  See -- Exhibit C, copy of the judgement.

The Petitioner argues that there is no reasonable basis for the B.O.P.'s assumption that his sentence was enhanced under 2D1.1, where the record in this case reflects that the Petitioner's sentence remained the same 240 months under Counts 1, 2, 6, and 7. See -- Exhibits B and C.

Clearly, based on the above undisputed facts, and the fact that no where in the B.O.P. Policy Statement 5162.04 does it state an enhancement can be "presumed" to deny the eligibility for early release, this Honorable Court should grant the relief sought.

Respectfully Submitted,

*Robert Earthman*

Robert Earthman

6

## CERTIFICATE OF SERVICE

I hereby certify that I have sent the original and two copies of this petition to the Clerk of Court at (address) _P.O. BOX 1805_ _Pittsburg, PA. 15230_ , by U.S. mail with the correct postage paid.

_Robert Earthman_

Robert Earthman
Reg. No.: _62089-061_
(prison) _FCI MCKEAN CAMP_
(address) _P.O. Box 8000_
(city, state, zip) _Bradford, PA 16701_

E  X  H  I  B  I  T    " A "

PS 5330.10
CN-03 October 09, 1996
Attachment J, Page 1

**NOTICE OF RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION
AND PROVISIONAL § 3621(E) ELIGIBILITY**

TO:  Earthman, Robert          REG NO:    62089-061

FROM:  A. Enoch-Morris, Ph.D.          INSTITUTION:  FCI, Elkton

TITLE:    DAP Coordinator          DATE:    March 8, 2004

**SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

YOU HAVE REQUESTED PARTICIPATION IN THE BUREAU'S RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM.  MY REVIEW OF YOUR CASE INDICATES THAT YOU (DO) / DO NOT  MEET THE ADMISSION'S CRITERIA FOR THE RESIDENTIAL DRUG ABUSE PROGRAM.  IT APPEARS THAT YOU (DO) / DO NOT   QUALIFY TO PARTICIPATE IN THE RESIDENTIAL PROGRAM.  (IF THE INMATE IS FOUND TO NOT QUALIFY, STATE THE REASON(S) BELOW).

Comments:  _____
_____

**SECTION 2 - PROVISIONAL § 3621(E) ELIGIBILITY** - TO BE COMPLETED ONLY IF THE INMATE HAS COMPLETED OR QUALIFIES FOR THE RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM.

FOR RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM GRADUATES TO BE ELIGIBLE FOR EARLY RELEASE, THEY MUST (DAPC must initial):

*AEM*          NOT BE AN INS DETAINEE.

*AEM*          NOT BE A PRE-TRIAL INMATE.

*AEM*          NOT BE A CONTRACTUAL BOARDER.

*AEM*          NOT BE AN "OLD LAW" INMATE.

_____          NOT HAVE A CURRENT CRIME THAT IS AN EXCLUDING OFFENSE IN BOP CATEGORIZATION
                 OF OFFENSES POLICY (Mark an 'X' in the appropriate block below).

*AEM*  NOT A CRIME OF VIOLENCE AS CONTAINED IN BOP
       CATEGORIZATION OF OFFENSES POLICY.

_____  NOT AN EXCLUDING CRIME BY THE DIRECTOR'S DISCRETION IN CATEGORIZATION OF
         OFFENSES POLICY

*AEM*  NOT HAVE ANY PRIOR FELONY OR MISDEMEANOR ADULT
       CONVICTION FOR HOMICIDE, FORCIBLE RAPE, ROBBERY,
       AGGRAVATED ASSAULT, OR SEXUAL ABUSE OF CHILDREN.

*AEM*  UNDERSTAND THAT NEARING THE TIME OF YOUR RELEASE, THE WARDEN WILL DETERMINE IF YOU
       ARE ELIGIBLE FOR TRANSFER TO A COMMUNITY-BASED PROGRAM.  IF YOU ARE NOT ELIGIBLE,
       YOU CANNOT COMPLETE THE COMMUNITY TRANSITIONAL SERVICES PORTION OF THE DRUG
       PROGRAM, AND THEREFORE, YOU MAY NOT RECEIVE A § 3621 (e) RELEASE.

MY CURRENT ASSESSMENT, IN CONSULTATION WITH YOUR UNIT TEAM, IS THAT IT    DOES  / (DOES NOT)
APPEAR THAT YOU ARE PROVISIONALLY ELIGIBLE FOR AN EARLY RELEASE.  IF NOT, LIST **ALL** THE REASON(S):

Comments:  Ineligible for early release under 3621(e) due to the following reason(s):
18 USC 924(c) vacated based on court order, however, the enhancement is presumed per
P.S. 5162.04.

**IF APPLICABLE, I UNDERSTAND THAT A DETERMINATION OF EARLY RELEASE FOR ME IS PROVISIONAL,
MAY CHANGE, AND DEPENDS ON CONTINUED POSITIVE BEHAVIOR AND SUCCESSFUL PARTICIPATION IN
ALL COMPONENTS OF THE PROGRAM, INCLUDING COMMUNITY TRANSITIONAL SERVICES.**

INMATE'S SIGNATURE _____
(indicate if refused to sign)

Administrative Remedy No. 340482-A2
Part B - Response


You contend you have wrongly been denied eligibility for early
release pursuant to 18 U.S.C. § 3621(e) for successful completion
of the Residential Drug Abuse Program (RDAP).  You request to be
deemed eligible for early release.

Our review of this matter reveals that both the Warden and the
Regional Director have adequately addressed your concerns.
Program Statement 5330.10, <u>Drug Abuse Programs Manual, Inmate</u>,
provides in Section 6.1.1 that "as an exercise of the discretion
vested in the Director of the Federal Bureau of Prisons, the
following categories of inmates are not eligible for early
release...inmates whose current offense is a felony...that
involved the carrying, possession, or use of a firearm or other
dangerous weapon or explosives..."

Program Statement 5162.04, <u>Categorization of Offenses</u>, provides
in Section 7(b) that "in some cases, an inmate may be convicted
of an offense listed in this section as well as 18 U.S.C. §
924(c)(1), use of a firearm during a crime of violence or drug
trafficking crime.  According to the U.S. Sentencing Guidelines,
if a defendant receives a § 924(c)(1) conviction, the court may
not assess a two-level "Specific Offense Characteristic"
enhancement for possession of a firearm; however, in light of the
Supreme Court ruling in *Bailey v. U.S.*, 116 S.Ct. 501 (1995), a
number of § 924(c)(1) convictions have been vacated.  In *Bailey*,
the Court held that the term "use" connotes an active employment
of the firearm.  If any of the offenses listed in this section
were accompanied by a § 924(c)(1) conviction that was
subsequently vacated due to the *Bailey* decision, staff shall
presume that the inmate would have received a two-level "Specific
Offense Characteristic" enhancement for possession of a firearm
unless there is a specific court order to the contrary.  Thus,
absent a court order specifically denying the application of a
two point enhancement for possession of a firearm, the inmate
will not receive certain Bureau program benefits."

Inasmuch as there is no order denying the application of the
presumptive enhancement, you remain ineligible for early release.
The court's reasoning for not considering your request for such
an order is irrelevant.

Your appeal is denied.


_____                    _____
        Date                                 Harrell Watts, Administrator
                                             National Inmate Appeals

January 5, 2005

**EARTHMAN, Robert Eugene**
Reg. No. 62089-061
Appeal No. 340482-R1
Page One

---

### Part B - Response

In your appeal, you appeal the decision of the Warden at FCI Allenwood advising you are ineligible for early release upon successful completion of the 500-hour Residential Drug Abuse Program.

As indicated by the Warden, your case was thoroughly reviewed for early release consideration after your 18 U.S.C. 924(c) conviction was vacated. We concur that there is sufficient evidence that your federal offense involved the use of a firearm. Program Statement 5330.10, <u>Inmate Drug Abuse Programs Manual</u>, Chapter 6, Page 1, and 28 C.F.R. § 550.58 provide that an inmate whose current offense involved the carrying, possession of use of a firearm is not eligible for early release under § 3621(e). We concur with the Warden's response and you are ineligible for early release under 18 U.S.C. § 3621(e). Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 19, 2004

D. SCOTT DODRILL
Regional Director



**UNITED STATES GOVERNMENT**
Department of Justice
Low Security Correctional Institution
Allenwood Federal Correctional Complex
White Deer, PA 17887

**REQUEST FOR ADMINISTRATIVE REMEDY**
**PART B - RESPONSE**

EARTHMAN, ROBERT E.
REG. NO.: 62089-061
REMEDY ID: 340482-F1

This is in response to your Request for Administrative Remedy dated July 1, 2004, wherein you reported that you applied to the Residential Drug Abuse Program (RDAP) and were deemed eligible for an RDAP admission; however, you were found ineligible for a 3621(e) early release. You are requesting that you be considered eligible for a 3621(e) early release should you successfully complete the RDAP.

In explaining the history of how RDAP staff found you to be 3621(e) ineligible, you wrote that for your instant offense, you were convicted as a career offender and, although your 924(c) conviction was vacated, you did not receive a two-point enhancement for possession of the firearms during the commission of your instant offense. You added that: "Under the program statement 5162.04 (page 12)...staff shall take it for granted that (since your) gun charge has been vacated and a two-level enhancement wasn't applied, it is to be presumed that (the enhancement will now apply because there is no) specific court order to the contrary." You attached a copy of the "Government's Response to Request of Defendant for Court Order Denying the Application of a Two-Point Enhancement for Possession of a Firearm," which for you was an unfavorable reply from the Court on this matter. However, within the text of that response, the United States Attorney wrote that, although the Court is not in a position to specifically deny the application of a two-point enhancement, perhaps the Court could issue an order clarifying its previous intent, which may satisfy the Bureau of Prisons. Despite this recommendation from the U.S. Attorney, you are now requesting that you be deemed eligible for a 3621(e) early release.

Your record has been fully reviewed and the DAP Coordinator confirmed that your 924(c) charge has been vacated. Your file also has a copy of the Northeast Regional Assistant Counsel's recommendation for action in this regard. That recommendation reads that, although your case predates the relevant Supreme Court Bailey decision, the conditions are the same and the Bureau of Prisons should act in accordance with the Bailey finding. This decision is neither intended to discourage or encourage your further communication with the Court, so as to clarify the Court's past intent.

Your Request for Administrative Remedy is therefore denied. At this time you remain eligible for RDAP admission, but ineligible for a 3621(e) early release. If you are dissatisfied with the above findings, you may submit a Regional Appeal via Form BP-230(13) to the Northeast Regional Director within twenty calendar days from the date of this response.

07-06-04
_____
Date

_____
Craig Apker, Warden

E  X  H  I  B  I  T    " B "

CLOSED

# U.S. District Court
## Southern District of Ohio (Columbus)
### CIVIL DOCKET FOR CASE #: 2:97-cv-00519-JLG-MRA
#### Internal Use Only

USA v. Earthman                                  Date Filed: 05/01/1997
Assigned to: James L Graham                      Jury Demand: None
Referred to: Mag. Judge Mark R. Abel             Nature of Suit: 510 Prisoner: Vacate
Demand: $0                                       Sentence
Case in other court: JLG, CR-2-89-00162-1        Jurisdiction: U.S. Government
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc   Defendant

**Plaintiff**

USA


V.

**Defendant**

**Robert Earthman**          represented by **Aaron Peter Buda**
                                            6310 E Kemper Rd, Suite 125B
                                            Cincinnati, OH 45241
                                            247-5366
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/1997 | | PETITION FOR WRIT OF HABEAS CORPUS (referred to Mag. Judge Mark R. Abel ) () (bw) (Entered: 05/02/1997) |
| 05/01/1997 | | NOTICE of appearance of attorney for defendant () (bw) (Entered: 05/02/1997) |
| 05/01/1997 | | ORDER by Mag. Judge Mark R. Abel USA has 20 days to answer the complaint. (cc: all counsel) () (bw) (Entered: 05/02/1997) |
| 05/08/1997 | | MOTION by defendant for leave to supplement the 2255 petition () (bw) (Entered: 05/09/1997) |
| 05/21/1997 | | RESPONSE by plaintiff to the 2255 (bw) (Entered: 05/22/1997) |
| 03/09/1998 | | ORDER by Judge James L. Graham granting habeas corpus petition [0-1] and vacating the sentence imposed in CR-2-89-162 on Count 4 of the superseding indictment. The sentence imposed on Counts 1, 2, 6 and 7 remain in full effect. Defts sentence of 240 months imporsonment imposed for those counts remains in full force and effect. The 60 month sentence on Count 4 consecutively to the terms imposed on counts 1,2,6 |

| | | |
|---|---|---|
| | | and 7 is Vacated. (bw) (Entered: 03/09/1998) |
| 03/27/1998 | | Docket Modification (Utility Event) finding the motion for leave to supplement the 2255 petition [0-1] moot. (bw) (Entered: 03/27/1998) |
| 03/27/1998 | | Docket Modification dismissing case (bw) (Entered: 03/27/1998) |

E   X   H   I   B   I   T     " C "

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FILED**

MAR 0 9 1998

KENNETH J. MURPHY, Clerk
COLUMBUS, OHIO

Robert Earthman,                          :

      Petitioner               :    Case No. C-2-97-519
                          (Crim. No. CR-2-89-162)
      v.                       :    Judge Graham

United States of America,                 :    Magistrate Judge Abel

      Respondent               :

I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF THE
ORIGINAL FILED IN MY OFFICE
ON _March 9, 1998_
KENNETH J. MURPHY, CLERK
BY: _____
Deputy Clerk
DATE: 3-9-98

<u>ORDER</u>

Petitioner Robert Earthman has filed a motion to vacate conviction and sentence pursuant to 28 U.S.C. §2255.  In its response to the motion, the United States of America agrees that the Court should vacate the judgment of conviction entered on Count 4 of the superseding indictment, knowingly carrying a firearm, in violation of 18 U.S.C. §924(c).

The United States agrees that the firearms found inside Robert Earthman's residence at the time the search warrant was executed were not immediately accessible to him and were not transported by him during the underlying drug offenses, both of which are requirements to sustain a conviction under §924(c).  *United States*

*v. Riascos Suarez*, 73 F.3d 616, 623 (6th Cir. 1996); *United States v. Moore*, 76 F.3d 111 (6th Cir. 1996).

Accordingly, petitioner Robert Earthman's motion to vacate sentence is GRANTED. The judgment of conviction entered on Count 4 of the superseding indictment is VACATED. The sentences imposed on Count 1 (conspiracy to possess cocaine in violation of 21 U.S.C. §846), Count 2 (possession of cocaine with intent to distribute in violation of 21 U.S.C. §841(a)(1)), Count 6 (possession of cocaine with intent to distribute within 1,000 feet of an elementary school in violation of 21 U.S.C. §§841(a)(1) and 845(a)), and Count 7 (control of property for the purpose of storing crack cocaine in violation of 21 U.S.C. §856(a)(2) and 18 U.S.C. §2) remain in full force and effect. Further, the sentence of 240 months' imprisonment imposed as a sentence for those counts remains in full force and effect. The 60-month sentence imposed on Count 4 to be served consecutively to the terms imposed on Counts 1, 2, 6, and 7 is VACATED.

James L. Graham
United States District Judge

-2-