**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT EARTHMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 05-188 (Erie) |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JAMES F. SHERMAN, | ) | |
| | ) | |
| Respondent. | ) | Filed electronically |

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

AND NOW, comes Respondent James F. Sherman ("Respondent"), by and through his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and respectfully responds to the Petition for Writ of Habeas Corpus ("Petition") filed herein as follows:

### I.  INTRODUCTION

Petitioner, Robert Earthman, is a federal inmate incarcerated at the Federal Correctional Institution, McKean, in Bradford, Pennsylvania ("FCI McKean"). On January 19, 1990, the United States District Court for the Southern District of Ohio sentenced Petitioner to a 300-month term of imprisonment, with a five-year term of supervised release to follow, for Possession with Intent to Distribute Cocaine; Conspiracy to Possess with Intent to Distribute; Distribution of Cocaine Base, Crack, Within 1,000 Feet of a Public School; Knowingly Controlling and Making Available a Place for the Purpose of Storing and Distributing Cocaine; and Carrying a Firearm While Drug Trafficking, in violation of 21 U.S.C. §§ 846, 841(a)(1), 856(a)(2) and 18 U.S.C. §§ 2 and 924(c). On March 9, 1998, after an appeal of the 18 U.S.C. § 924(c) firearm conviction, Petitioner's federal sentence was

reduced to 240 months of imprisonment.   Petitioner commenced service of his federal sentence on
January 19, 1990.   Assuming that he receives all Good Conduct Time available to him under 18
U.S.C. § 3624(b), Petitioner's projected release date is December 9, 2006.   <u>See</u> **Document** 1,
Declaration of Joyce Horikawa, and **Document 1a**, Public Information Data for Robert Earthman.

In his Petition, Petitioner challenges the Bureau of Prisons's ("BOP") determination that he
is not eligible for a one-year reduction in sentence under 18 U.S.C. § 3621(e)(2)(B) for completing
a substance abuse treatment program.   Petitioner contends that the denial of the one-year reduction
is based upon the BOP's presumption that, had he not originally been convicted pursuant to 18
U.S.C. § 924(c), he would have received a two-level sentencing enhancement for possessing a
firearm during the commission of the crimes of which he was convicted.   Petitioner argues that the
BOP's position is without a legal basis, and that he should be eligible for early release under 18
U.S.C. § 3621(e)(2)(B). As Respondent will demonstrate, Petitioner's claims are meritless, and the
Petition should be denied.

## II.  <u>FACTS</u>

On January 19, 1990, the United States District Court for the Southern District of Ohio
sentenced Petitioner to a 300-month term of imprisonment, followed by a five-year term of
supervised release for his conviction of various offenses related to the possession and distribution
of cocaine, including 18 U.S.C. § 924(c), "Carrying of a Firearm while Drug Trafficking."   <u>See</u>
**Document 2,** Declaration of Monica Recktenwald, and **Document 2a**,  Judgment and Commitment
Order, <u>U.S. v. Robert Earthman</u>, Case No. Cr-2-89-162 (S.D.Ohio), at p. 2.  On or about March 9,
1998, the conviction for 18 U.S.C. § 924(c) was vacated, and Petitioner's sentence was reduced to
240 months.  <u>See</u> **Document 2b**, at p. 2, Order dated March 9, 1998.

On or about March 8, 2004, the BOP provisionally determined that Petitioner was not eligible for early release under 18 U.S.C. § 3621(e), because his criminal offense was one that the director of the BOP had determined should preclude inmates from eligibility for the early release benefit. <u>See</u> **Document 2c**, Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) eligibility (Attachment J), at p. 2 and **Document 2d**, Notification of Instant Offense Determination (Attachment N), at p. 1. On or about July 1, 2004, while incarcerated at the Federal Prison Camp at Allenwood, Pennsylvania, Petitioner filed a Request for Administrative Remedy seeking an early release under 18 U.S.C. § 3621(e). <u>See</u> **Document 1b**. In a response dated July 6, 2004, Petitioner's request was denied. The warden at Allenwood explained that, although Petitioner's conviction for Use of a Firearm During a Drug Trafficking Crime, 18 U.S.C. § 924(c), had been vacated, the decision to deny his early release under 18 U.S.C. § 3621(e) would not be changed. <u>Id</u>., at p. 3. Petitioner appealed the Warden's response. <u>See</u> **Document 1c**, at pp. 1-2. The Regional Director denied the appeal on August 19, 2004, explaining that, although Petitioner's 18 U.S.C. § 924(c) conviction had been vacated, there was sufficient evidence that his federal offense had involved the use of a firearm. <u>Id</u>., at p. 3. The Regional Director further explained that both BOP Program Statement 5330.10, <u>Inmate Drug Abuse Programs Manual</u>, Chapter 6, page 1, and BOP regulations codified at 28 C.F.R. § 550.58, provided that an inmate whose current offense involved the carrying, possession or use of a firearm was not eligible for early release under 18 U.S.C. § 3621(e). <u>Id</u>.

Plaintiff appealed the Region's response. <u>See</u> **Document 1d**, at pp. 1-2. The National Inmate Appeals Administrator of the Central Office also denied Plaintiff's appeal, on January 5, 2005, explaining that under Program Statement 5330.10, as an exercise of the discretion vested in

3

the Director of the BOP, inmates whose current offenses were felonies that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives were not eligible for early release under 18 U.S.C. § 3621(e).

On January 12, 2005, Petitioner entered the Residential Drug Abuse Treatment Program ("RDAP") at FCI McKean. See **Document 1e**, Inmate History, Drug Programs. Petitioner is currently participating in the RDAP program at FCI McKean. Id. Petitioner filed this lawsuit on June 16, 2005.

### III.  STATUTORY BACKGROUND

On September 13, 1994, Congress enacted the Violent Crime Control and Law Enforcement Act ("VCCLEA") (Pub.L. 103-322), which included a provision that was intended to provide inmates with an incentive to participate in BOP substance abuse treatment programs. This incentive allows an inmate a reduction in sentence of up to one year for completing such a treatment program. The statute provides:

> **Period of Custody**. . .The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B)(1995).

Congress did not define the eligibility criteria for early release consideration upon completion of a residential drug treatment program. The BOP, however, promulgated regulations and Program Statements to provide guidance regarding the determination of which inmates would be eligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B). The BOP issued its current policy regarding the implementation of 18 U.S.C. § 3621(e) on October 9, 1997, in the form of two revised Program

Statements: 1) Program Statement 5330.10, <u>Drug Abuse Programs Manual - Inmate</u> (hereinafter "P.S. 5330.10 (10-9-97)"), and 2) Program Statement 5162.04, <u>Categorization of Offenses</u> (hereinafter "P.S. 5162.04 (10-9-97)").

P.S. 5330.10 (10-9-97), provides criteria that BOP staff are to use in determining whether an inmate is eligible for early release under 18 U.S.C. § 3621(e).   Specifically, it excepts certain classes of inmates from early release consideration:

> An inmate who was sentenced to a term of imprisonment ... for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible ... for early release by a period not to exceed 12 months ... <u>As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release....</u>
>
> (vi)   <u>inmates whose current offense is a felony</u>:
>
>        *             *             *
>
>     <u>that involved the carrying, possession, or use of a firearm</u> or other dangerous weapon or explosives (including any explosive material or explosive device)

<u>See</u> **Document 1f**, P.S. 5330.10 (10-9-97), at Chapter 6, Page 1 (emphasis added).   The Program Statement also directs staff to P.S. 5162.04, <u>Categorization of Offenses</u>, for guidance when making determinations as to whether an inmate should receive a reduction in sentence under 18 U.S.C. § 3621 (e). <u>See</u> **Document 1f**, at Chapter 6, p. 2.

In 1995, a United States Supreme Court decision impacted felons, who, like Petitioner, had been convicted pursuant to 18 U.S.C. § 924(c).  In <u>Bailey v. U.S.,</u> 516 U.S. 137 (1995),  the Court held that the term "use" (in reference to a firearm under 18 U.S.C. § 924(c)) should be interpreted to mean only active employment of a weapon in drug trafficking, and not mere possession.

Accordingly, pursuant to <u>Bailey</u> and its progeny, a number of section 924(c)(1) convictions, including Petitioner's, were subsequently vacated. However, BOP Program Statement 5162.04, <u>Categorization of Offenses</u>, which was also issued in October, 1997, specifically addressed cases involving inmates whose convictions under 18 U.S.C. § 924(c) had been vacated pursuant to <u>Bailey</u>. In addition to listing all offenses considered to be "crimes of violence" (<u>see</u> **Document 1g**, at pp. 3-8) (which preclude early release under § 3621(e)), as well as additional offenses that the Director of the BOP determined, in her discretion, should also exclude an inmate from consideration for the early release benefit, P.S. 5162.04 stated:

> In some cases, an inmate may be convicted of an offense listed in this section as well as 18 U.S.C. § 924(c)(1), use of a firearm during a crime of violence or drug trafficking crime. According to the U.S. Sentencing Guidelines, if a defendant receives a § 924(c)(1) conviction, the court may not assess a two level "Specific Offense Characteristic" enhancement for possession of a firearm; however, in light of the Supreme Court ruling in *Bailey v. U.S.*, 116 S.Ct. 501 (1995), a number of § 924(c)(1) convictions have been vacated. In *Bailey,* the Court held that the term "use" connotes an active employment of the firearm. If any of the offenses listed in this section were accompanied by a § 924(c)(1) conviction that was subsequently vacated due to the *Bailey* decision, <u>staff shall presume that the inmate would have received a two-level "Specific Offense Characteristic" enhancement for possession of a firearm unless there is a specific court order to the contrary. Thus, absent a court order specifically denying the application of a two point enhancement for possession of a firearm, the inmate will not receive certain Bureau program benefits</u>.

<u>See</u> **Document 1g**, at p. 12 (emphasis added).

On October 15, 1997, the BOP published a revised interim rule for notice and comment to replace the interim rule published on May, 17, 1996. 62 Fed. Reg. 53690-01 (October 15, 1997). The new interim rule, effective October 9, 1997, was issued to conform the BOP's Drug Abuse

Program regulations with amended Program Statements 5330.10 (10-9-97) and 5162.04 (10-9-97).

Like the Program Statements, the revised interim rule proposed that a non-violent offender may,

nevertheless, be excluded from early release under 18 U.S.C. § 3621(e), under certain circumstances:

> **Additional early release criteria.** (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release: ...(vi) Inmates whose current offense is a felony: (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) . . .

62 Fed. Reg. 53690-91 (October 9, 1997). On December 22, 2000, after notice and comment, the

interim rule was made final. <u>See</u> 65 Fed. Reg. 80745-80749 (December 22, 2000); 28 C.F.R. §

550.58(a) (2000).

Thus, under 28 C.F.R. § 550.58 (2000), and P.S. 5330.10 (10-9-97), as interpreted by P.S.

5162.04 (10-9-97), the BOP may determine that an inmate is ineligible for early release if the inmate

committed a crime of violence <u>or</u> if the offense was one determined by the Director of the BOP, as

an exercise of the discretion vested in her, to be an offense that would preclude consideration for

such a benefit.

## IV. <u>ARGUMENT</u>

A.     **The Petition should be denied, because 28 C.F.R. § 550.58, as amended, is a proper exercise of the discretion of the Director of the BOP in implementing the early release provision as set forth at 18 U.S.C. § 3621(e)(2)(B), and Petitioner <u>was properly determined to be ineligible for early release.</u>**

Petitioner is essentially challenging the exercise of discretion by the Director of the BOP in

precluding inmates who have been convicted of non-violent felony offenses that involve the carrying,

use or possession of firearms or explosive devices, from early release under 18 U.S.C. §

3621(e)(2)(B).

Petitioner's contention, that the BOP's determination that he is ineligible for the early release benefit is arbitrary and capricious, lacks merit. As demonstrated in Section III, supra, an inmate may be precluded from early release pursuant to 18 U.S.C. § 3621(e)(2)(B) if his conviction was for a crime of violence, or as the Director of BOP determined in her discretion, was a conviction for a felony and involved the carrying, use, or possession of a firearm. In Lopez v. Davis, 531 U.S. 230 (2001), the Supreme Court held that the BOP's regulation, 28 C.F.R. § 550.58 (a)(1)(vi)(B)(2000), was a permissible exercise of that agency's discretion under 18 U.S.C. § 3621(e)(2)(B). In Lopez, an inmate challenged the BOP's determination that he was not eligible for early release based upon his conviction under 21 U.S.C. § 841, to which a two-point "specific offense characteristic" ("SOC") enhancement for "carrying, possession, or use of a firearm" had been applied. The Court held that the BOP's regulation was a permissible construction of the statute, and that the BOP had the discretion to categorically deny early release to felons whose offenses involved the "carrying, possession, or use of a firearm." Lopez, 531 U.S. at 242. The Court reasoned that 28 C.F.R. § 550.58 was permissible, because in promulgating that regulation, the BOP had reasonably concluded that an inmate's prior involvement with firearms in connection with the commission of a felony suggested a readiness to resort to life-endangering violence. Id. at 244; see also, Venegas v. Henman, 126 F.3d 760, 763-765 (5th Cir. 1997), cert denied, 523 U.S. 1108 (1998) ("[t]he discretion vested in the [BOP] to determine what offenses, in context, are violent for purposes of section 3621(e) and, therefore, not appropriate for exposure to the incentive of early release, fulfills the will of Congress and satisfies both the wording and the intent of the statute"); Tasby v. Pratt, Civ. A. No. 4:01-CV-0959-A, 2002 WL 1160071 (N.D.Tex. May 29, 2002) (upholding the BOP's determination

8

denying early release eligibility to an inmate whose § 924(c) conviction had been vacated under Bailey, and who had not been assessed an SOC enhancement for possession of a firearm: "the Bureau's policy to presume a two-level sentence enhancement for possession of a firearm in defining what constitutes a violent crime is a permissible interpretation of § 3621(e)").

Petitioner's situation is virtually identical to that of the petitioner in Lopez. Both Lopez and Petitioner were denied eligibility for early release under 28 C.F.R. § 550.58(a)(1)(vi)(B), because each had been convicted of drug trafficking offenses that involved the possession of firearms and/or dangerous weapons. The Supreme Court in Lopez determined that 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000) demonstrated a reasonable exercise of the discretion vested in the BOP under 18 U.S.C. § 3621(e). Pursuant to that regulation, the BOP properly determined that Petitioner in the instant matter is ineligible for early release benefits. Accordingly, regardless of the fact that Petitioner's 18 U.S.C. § 924(c) conviction was vacated, Petitioner is not entitled to the habeas relief he requests, and the Petition should be denied.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should deny the Petition for Writ of Habeas Corpus.

Respectfully submitted,


MARY BETH BUCHANAN
United States Attorney


 s/ Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

10

## CERTIFICATE OF SERVICE

I hereby certify that I have served this date a copy of the within Response, by mail or electronic filing, upon the following:

Robert Earthman
Register No. 62089-061
FCI McKean
P.O. Box 8000
Bradford, PA  16701


  s/ Christy Wiegand          
CHRISTY WIEGAND


Date:   September 23, 2005