# Document 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT EARTHMAN, Petitioner, | : | |
| - v - | : | Civil Action No. 05-188 (Erie) |
| WARDEN JAMES F. SHERMAN, Respondent, | : | |

**DECLARATION OF JOYCE HORIKAWA**

I, Joyce Horikawa, make the following declaration under penalty of perjury:

1. I am a Senior Attorney Advisor, employed by the United States Department of Justice, Federal Bureau of Prisons, Northeast Regional Office, Philadelphia, Pennsylvania. I have been employed in this capacity since approximately April 8, 2001.

2. As an Attorney Advisor at the Bureau's Northeast Regional Office, I have access to most records maintained in the ordinary course of business in the Bureau of Prisons Northeast Regional Office, including records maintained in the Bureau's computerized database.

3. Attached hereto, please find true and correct copies of the following documents that are maintained in the ordinary course of business at the Bureau of Prisons Northeast Regional Office:

a. Public Information Data for inmate Robert Eugene Earthman, Reg. No. 62089-061;

b. Request for Administrative Remedy, Case Number 340482-F1, and Response;

c. Regional Administrative Remedy Appeal, Case Number 340482-R1, and Response;

d. Central Office Administrative Remedy Appeal, Case Number 340482-A1, and Response;

e. Inmate History, Drug Programs, Inmate Robert Eugene Earthman, Reg. No. 62089-061;

f. Bureau of Prisons Program Statement 5110, Drug Abuse Programs Manual, Inmate, Chapter 6, pp. 1-3; and

g. Bureau of Prisons Program Statement 5162.04, Categorization of Offenses.

I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 12th day of September, 2005.

Joyce M. Horikawa
Senior Attorney Advisor
Federal Bureau of Prisons
Philadelphia, PA

# Document 1a

```
 NERH4          *           PUBLIC INFORMATION              *      09-09-2005
PAGE 001        *              INMATE DATA                  *      09:44:21
                             AS OF 09-09-2005

REGNO..: 62089-061 NAME: EARTHMAN, ROBERT EUGENE

                   RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 814-362-8900    FAX: 814-363-6821
                                            RACE/SEX...: BLACK / MALE
FBI NUMBER.: 604063J6                       DOB/AGE....: 12-03-1950 / 54
PROJ REL MT: GOOD CONDUCT TIME RELEASE      PAR ELIG DT: N/A
PROJ REL DT: 12-09-2006                     PAR HEAR DT:
---------------------------- ADMIT/RELEASE HISTORY -----------------------------
FCL   ASSIGNMENT DESCRIPTION                START DATE/TIME STOP  DATE/TIME
MCK   A-DES      DESIGNATED, AT ASSIGNED FACIL  08-20-2004 0930 CURRENT
B01   RELEASE    RELEASED FROM IN-TRANSIT FACL  08-20-2004 0930 08-20-2004 0930
B01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-20-2004 0637 08-20-2004 0930
ALW   TRANSFER   TRANSFER                       08-20-2004 0637 08-20-2004 0637
ALW   A-DES      DESIGNATED, AT ASSIGNED FACIL  05-20-2004 1441 08-20-2004 0637
5-R   RELEASE    RELEASED FROM IN-TRANSIT FACL  05-20-2004 1441 05-20-2004 1441
5-R   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-20-2004 1425 05-20-2004 1441
ALF   HLD REMOVE HOLDOVER REMOVED               05-20-2004 1425 05-20-2004 1425
ALF   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  05-19-2004 2304 05-20-2004 1425
0-B   RELEASE    RELEASED FROM IN-TRANSIT FACL  05-19-2004 2304 05-19-2004 2304
0-B   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-19-2004 2300 05-19-2004 2304
ALW   TRANS SEG  TRANSFER-SEGREGATION           05-19-2004 2300 05-20-2004 1441
ALW   A-DES      DESIGNATED, AT ASSIGNED FACIL  05-19-2004 2233 05-19-2004 2300
7-C   RELEASE    RELEASED FROM IN-TRANSIT FACL  05-19-2004 2233 05-19-2004 2233
7-C   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-19-2004 0730 05-19-2004 2233
ELK   FURL TR NC FURL W/UNESCORT TRF NOT TO CCC 05-19-2004 0730 05-19-2004 0730
ELK   A-DES      DESIGNATED, AT ASSIGNED FACIL  12-13-2000 1735 05-19-2004 0730
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL  12-13-2000 1735 12-13-2000 1735
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 12-13-2000 0800 12-13-2000 1735
BRO   HLD REMOVE HOLDOVER REMOVED               12-13-2000 0800 12-13-2000 0800
BRO   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  11-29-2000 1812 12-13-2000 0800
B01   RELEASE    RELEASED FROM IN-TRANSIT FACL  11-29-2000 1812 11-29-2000 1812
B01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-29-2000 0550 11-29-2000 1812
LEW   HLD REMOVE HOLDOVER REMOVED               11-29-2000 0550 11-29-2000 0550
LEW   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  11-15-2000 1935 11-29-2000 0550
B10   RELEASE    RELEASED FROM IN-TRANSIT FACL  11-15-2000 1935 11-15-2000 1935
B10   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-15-2000 0547 11-15-2000 1935
PET   HLD REMOVE HOLDOVER REMOVED               11-15-2000 0547 11-15-2000 0547
PET   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  10-24-2000 2038 11-15-2000 0547
B09   RELEASE    RELEASED FROM IN-TRANSIT FACL  10-24-2000 2038 10-24-2000 2038
B09   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-24-2000 0518 10-24-2000 2038
ATL   HLD REMOVE HOLDOVER REMOVED               10-24-2000 0518 10-24-2000 0518
ATL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  10-19-2000 2231 10-24-2000 0518
B02   RELEASE    RELEASED FROM IN-TRANSIT FACL  10-19-2000 2231 10-19-2000 2231
B02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-19-2000 0651 10-19-2000 2231
ASH   TRANSFER   TRANSFER                       10-19-2000 0651 10-19-2000 0651

G0002        MORE PAGES TO FOLLOW . . .
```

```
 NERH4          *              PUBLIC INFORMATION               *       09-09-2005
PAGE 002        *                 INMATE DATA                   *       09:44:21
                                AS OF 09-09-2005

REGNO..: 62089-061 NAME: EARTHMAN, ROBERT EUGENE

                     RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
                     PHONE..: 814-362-8900    FAX: 814-363-6821
ASH   A-DES       DESIGNATED, AT ASSIGNED FACIL  03-02-2000 1157 10-19-2000 0651
ASH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  03-02-2000 0932 03-02-2000 1157
ASH   A-DES       DESIGNATED, AT ASSIGNED FACIL  01-08-1999 1631 03-02-2000 0932
3-E   RELEASE     RELEASED FROM IN-TRANSIT FACL  01-08-1999 1631 01-08-1999 1631
3-E   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-08-1999 1402 01-08-1999 1631
LEX   TRANSFER    TRANSFER                       01-08-1999 1402 01-08-1999 1402
LEX   A-DES       DESIGNATED, AT ASSIGNED FACIL  07-08-1997 1525 01-08-1999 1402
LEX   ESCORT TRP  ESC TRIP OTHER THAN LOCAL HOSP 07-08-1997 1238 07-08-1997 1525
LEX   A-DES       DESIGNATED, AT ASSIGNED FACIL  06-09-1997 1436 07-08-1997 1238
LEX   COURT       COURT APPEARANCE W/SCHED RETRN 06-09-1997 0955 06-09-1997 1436
LEX   A-DES       DESIGNATED, AT ASSIGNED FACIL  10-22-1996 1034 06-09-1997 0955
LEX   ESCORT TRP  ESC TRIP OTHER THAN LOCAL HOSP 10-22-1996 0750 10-22-1996 1034
LEX   A-DES       DESIGNATED, AT ASSIGNED FACIL  11-03-1994 1116 10-22-1996 0750
S04   RELEASE     RELEASED FROM IN-TRANSIT FACL  11-03-1994 1116 11-03-1994 1116
S04   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 11-03-1994 0645 11-03-1994 1116
ASH   TRANSFER    TRANSFER                       11-03-1994 0645 11-03-1994 0645
ASH   A-DES       DESIGNATED, AT ASSIGNED FACIL  07-07-1994 1840 11-03-1994 0645
ASH   ESCORT TRP  ESC TRIP OTHER THAN LOCAL HOSP 07-07-1994 0830 07-07-1994 1840
ASH   A-DES       DESIGNATED, AT ASSIGNED FACIL  06-09-1994 1420 07-07-1994 0830
ASH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  06-09-1994 1305 06-09-1994 1420
ASH   A-DES       DESIGNATED, AT ASSIGNED FACIL  03-25-1994 1123 06-09-1994 1305
ASH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  03-25-1994 0940 03-25-1994 1123
ASH   A-DES       DESIGNATED, AT ASSIGNED FACIL  11-18-1992 1130 03-25-1994 0940
ASH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  11-18-1992 0930 11-18-1992 1130
ASH   A-DES       DESIGNATED, AT ASSIGNED FACIL  11-12-1992 1124 11-18-1992 0930
ASH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  11-12-1992 0724 11-12-1992 1124
ASH   A-DES       DESIGNATED, AT ASSIGNED FACIL  09-02-1992 1527 11-12-1992 0724
ASH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  09-02-1992 1310 09-02-1992 1527
ASH   A-DES       DESIGNATED, AT ASSIGNED FACIL  08-05-1991 1600 09-02-1992 1310
B02   RELEASE     RELEASED FROM IN-TRANSIT FACL  08-05-1991 1600 08-05-1991 1600
B02   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-05-1991 0241 08-05-1991 1600
ATL   HLD REMOVE  HOLDOVER REMOVED               08-05-1991 0241 08-05-1991 0241
ATL   A-HLD       HOLDOVER, TEMPORARILY HOUSED   07-22-1991 1237 08-05-1991 0241
A01   RELEASE     RELEASED FROM IN-TRANSIT FACL  07-22-1991 1237 07-22-1991 1237
A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-22-1991 0600 07-22-1991 1237
ERE   HLD REMOVE  HOLDOVER REMOVED               07-22-1991 0500 07-22-1991 0500
ERE   A-HLD       HOLDOVER, TEMPORARILY HOUSED   07-16-1991 1915 07-22-1991 0500
A02   RELEASE     RELEASED FROM IN-TRANSIT FACL  07-16-1991 2015 07-16-1991 2015

G0002       MORE PAGES TO FOLLOW . . .
```

REGNO..: 62089-061 NAME: EARTHMAN, ROBERT EUGENE

RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
PHONE..: 814-362-8900 FAX: 814-363-6821
PRE-RELEASE PREPARATION DATE: 06-09-2006

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 12-09-2006 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: OHIO, SOUTHERN DISTRICT
DOCKET NUMBER...................: CR-2-89-162
JUDGE...........................: GRAHAM
DATE SENTENCED/PROBATION IMPOSED: 01-19-1990
DATE COMMITTED..................: 03-13-1990
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

| | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $200.00 | $00.00 | $00.00 | $00.00 |

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 391
OFF/CHG: 21:846,841CONSP TO POS & PWITD COCAINE;21:845 PWID COCAINE NEAR SCHOOL;21:856 CONTROL PROP. FOR PURPOSE STORING CRACK

SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: 300 MONTHS
TERM OF SUPERVISION............: 5 YEARS
NEW SENTENCE IMPOSED...........: 240 MONTHS
BASIS FOR CHANGE...............: RULE 35 DEFENDANT APPEAL
DATE OF OFFENSE................: 08-06-1988

```
  NERH4           *             PUBLIC INFORMATION             *      09-09-2005
PAGE 004 OF 004 *                   INMATE DATA                *      09:44:21
                                 AS OF 09-09-2005

REGNO..: 62089-061 NAME: EARTHMAN, ROBERT EUGENE

                   RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 814-362-8900    FAX: 814-363-6821
-------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-20-1998 AT LEX AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-19-1990
TOTAL TERM IN EFFECT............:   240 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    20 YEARS
EARLIEST DATE OF OFFENSE........: 08-06-1988

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    08-06-1988    08-07-1988
                                    07-10-1989    01-18-1990

TOTAL PRIOR CREDIT TIME.........: 195
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 941
TOTAL GCT EARNED................: 864
STATUTORY RELEASE DATE PROJECTED: 12-09-2006
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 07-07-2009

PROJECTED SATISFACTION DATE.....: 12-09-2006
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# Document 1b

U.S. DEPARTMENT OF JUSTICE

REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: EARTHMAN, ROBERT E. (LAST NAME, FIRST, MIDDLE INITIAL) 62089-061 (REG. NO.) BA (UNIT) ALW PRISON Camp (INSTITUTION)

**Part A- INMATE REQUEST**

I'm requesting that I be considered eligible for early release for taking the 500 hours residential drug treatment program within the bureau of prisons. I was deemed ineligible for early release under 3621 (e) due to my 18 USC 924(c) firearm being vacated based on court order, I did not receive a two point enhancement because I was sentence as a career offender under the provision of U.S.S.G 4B1.1 The two level gun enhancement would not apply to the Career offender guidelines range, it would only apply to the underlying guideline range 2D1.1
Under the program statement 5162.04 States that staff shall take it for granted that if a gun charge has been vacated and a two level enhancement wasn't applied it is to be presumed that it would have unless there is a specific court order to the contrary.
I was intially deemed eligible for, but not yet enrolled in, the program but that, under BOP'S subsequent definitional changes my eligibility was impermissibly revoked. SEE PAGE (2)

7-1-04
DATE

Robert E. Earthman
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Please refer to attached continuation sheet for response.

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 340482-F1

CASE NUMBER: 340482-F1

Part C- RECEIPT

Return to: LAST NAME, FIRST, MIDDLE INITIAL / REG. NO. / UNIT / INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

REQUEST FOR ADMINISTRATIVE REMEDY

PAGE 2


The government had every chance in the world to take me back to court
if they wanted to apply the two level enhancement, but they argued
that a re-sentence hearing was not required in my case because
a enhancement did not apply and wouldn't change my ultimate sentence.
Being that I have been in prison for the last 15 years my case has
become final. The court has no jurisdiction to give me a court
order specifically denying the application of a two point enhancement
because that would be modifying my sentence. See attach: Government
response to request of defendant for court order denying the application
of a two point enhancement for possession of a fireman also court
order from the sentencing judge.




Sincerely

Robert E. Earthman



UNITED STATES GOVERNMENT
Department of Justice
Low Security Correctional Institution
Allenwood Federal Correctional Complex
White Deer, PA 17887

REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

EARTHMAN, ROBERT E.
REG. NO.: 62089-061
REMEDY ID: 340482-F1

This is in response to your Request for Administrative Remedy dated July 1, 2004, wherein you reported that you applied to the Residential Drug Abuse Program (RDAP) and were deemed eligible for an RDAP admission; however, you were found ineligible for a 3621(e) early release. You are requesting that you be considered eligible for a 3621(e) early release should you successfully complete the RDAP.

In explaining the history of how RDAP staff found you to be 3621(e) ineligible, you wrote that for your instant offense, you were convicted as a career offender and, although your 924(c) conviction was vacated, you did not receive a two-point enhancement for possession of the firearms during the commission of your instant offense. You added that: "Under the program statement 5162.04 (page 12)...staff shall take it for granted that (since your) gun charge has been vacated and a two-level enhancement wasn't applied, it is to be presumed that (the enhancement will now apply because there is no) specific court order to the contrary." You attached a copy of the "Government's Response to Request of Defendant for Court Order Denying the Application of a Two-Point Enhancement for Possession of a Firearm," which for you was an unfavorable reply from the Court on this matter. However, within the text of that response, the United States Attorney wrote that, although the Court is not in a position to specifically deny the application of a two-point enhancement, perhaps the Court could issue an order clarifying its previous intent, which may satisfy the Bureau of Prisons. Despite this recommendation from the U.S. Attorney, you are now requesting that you be deemed eligible for a 3621(e) early release.

Your record has been fully reviewed and the DAP Coordinator confirmed that your 924(c) charge has been vacated. Your file also has a copy of the Northeast Regional Assistant Counsel's recommendation for action in this regard. That recommendation reads that, although your case predates the relevant Supreme Court Bailey decision, the conditions are the same and the Bureau of Prisons should act in accordance with the Bailey finding. This decision is neither intended to discourage or encourage your further communication with the Court, so as to clarify the Court's past intent.

Your Request for Administrative Remedy is therefore denied. At this time you remain eligible for RDAP admission, but ineligible for a 3621(e) early release. If you are dissatisfied with the above findings, you may submit a Regional Appeal via Form BP-230(13) to the Northeast Regional Director within twenty calendar days from the date of this response.

07-06-04
Date

Craig Apker, Warden



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

v. NO. CR-2-89-162
JUDGE GRAHAM
ROBERT EARTHMAN MAGISTRATE JUDGE ABEL

**GOVERNMENT'S RESPONSE TO REQUEST OF DEFENDANT FOR COURT ORDER DENYING THE APPLICATION OF A TWO POINT ENHANCEMENT FOR POSSESSION OF A FIREARM**

Defendant Robert Earthman has sent a letter to the Court, dated April 12, 2004, requesting the Court enter an Order "specifically denying the application of a two point enhancement under the sentencing guidelines for possession of a firearm during a drug trafficking crime." Defendant seeks this Order because he is attempting to be accepted into the 500 hour residential drug abuse treatment program within the Bureau of Prisons. This would qualify Mr. Earthman for a one year reduction in sentence.

In his letter to the Court, Mr. Earthman contends the government conceded that the gun enhancement was not applicable in his case. That is not entirely true. Factually, it is the position of the United States that Mr. Earthman should receive a two-level enhancement for having firearms in connection with his drug trafficking activity. However, at the time defendant's second §2255 petition was pending, we did agree that a re-sentencing hearing was not required in this case, following the dismissal of the §924(c) count, because the two-level enhancement would not have changed the defendant's ultimate sentence.

As the government explained in its response to the defendant's second §2255 petition filed in C-2-97-519 (R. 47, Response of United States to defendant's second §2255 petition, 5/21/97),

> [t]he United States agrees with the defendant's position [that his §924(c) conviction was not sustainable in light of United States v. Bailey, 516 U.S. 137 (1995)]. The firearms found inside his residence at the time the search warrant was executed were not immediately accessible to him and were not transported by him during the underlying drug offenses, both of which are required pursuant to United States v. Riascos Suarez, 73 F.3d 616, 623 (6th Cir. 1996) and United States v. Moore, 76 F.3d 111 (6th Cir. 1996). Earthman's conviction at trial in 1989 was based on a "fortress theory" -- a theory no longer acceptable in light of Bailey and its progeny. The United States, therefore, agrees that the five year consecutive sentence imposed on Earthman's conviction on Count 4 should be vacated.

The government further argued in its response to the defendant's second §2255 petition filed in C-2-97-519 (R. 47), that the United States did not believe a re-sentencing hearing was needed.

> Since there is no longer a substantive firearms charge, a two-level enhancement for possession of a dangerous weapon during the commission of the narcotics offense **is now applicable** to the defendant's guideline range for Counts 1 and 2, pursuant to U.S.S.G. §2D1.1(b)(1).

> However, Mr. Earthman was a career offender and sentenced under the provisions of U.S.S.G. §4B1.1. His applicable guideline range was 262 - 327 months, based on an offense level 34, criminal history category VI.[1] The two-level gun enhancement would not apply to the career offender guideline range. It would apply only to the underlying guideline range under §2D1.1. Applying two levels to an offense level 18, which was originally computed as applicable to this defendant under §2D1.1, the ultimate §2D1.1 guideline range would not be greater that the career offender range applicable under §4B1.1. Therefore, the sentencing guidelines applicable to the remaining counts of conviction did not change with the dismissal of Count 4.

(emphasis added)[2]

The government never conceded in the prior §2255 proceedings that the firearm enhancement was not factually applicable.[3] The government, instead, argued that such an enhancement would not change the defendant's sentence, since his

---

[1]This Court departed downward to 240 months as the applicable sentence on Counts 1, 2, 6 & 7.

[2]Due to the age of this case, the United States no longer has the file for the second §2255 petition in the U.S. Attorney's Office in Columbus, Ohio. Therefore, we have been unable to locate a copy of the Court's Order in C-2-97-519. However, government counsel does have a copy of the government's response filed in C-2-97-519 on the hard-drive of her computer. Thus, government counsel was able to reconstruct the government's argument in the prior §2255 petition.

[3]Attached hereto as Exhibits A and B, respectively, is a statement of the case and a statement of facts which were filed by the government in response to the defendant's appeal of his first §2255 petition. These are provided to assist the Court in reconstructing the history of this case.

sentence as a career offender was much higher than his sentence would be based upon the drugs he possessed combined with the firearm enhancement.

In conclusion, the government does not believe the Court has the ability to now issue an Order specifically denying the application of a two point enhancement for possession of a firearm under the facts of this case. However, it is the suggestion of the government that the Court could issue an Order clarifying its previous orders that a two offense level enhancement was never actually imposed in this case because a re-sentencing hearing was never held. Perhaps, such an Order would satisfy the Bureau of Prisons to allow Mr. Earthman to qualify for the 500 hour residential drug abuse treatment program.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Robyn Jones Hahnert
ROBYN JONES HAHNERT (0022733)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio  43215
(614) 469-5715
Fax:  (614) 469-6895
Robyn.Hahnert @usdoj.gov

CERTIFICATE OF SERVICE

A copy of this response was mailed to Robert Earthman, FCI Elkton, Unit A/B, P.O. Box 10, Lisbon, Ohio 44432, on April 21, 2004.

s/Robyn Jones Hahnert
ROBYN JONES HAHNERT (0022733)
Assistant United States Attorney

FILED
TIME:

APR 29 2004

JAMES BONINI, Clerk
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

v. Case No. 2:89-CR-162-1

Robert Earthman

ORDER

The court has received a letter from the defendant in which he requests the court to enter an order "specifically denying the application of a two point enhancement for possession of a firearm." Defendant alleges that he has been denied placement in the 500 Hour Residential Drug Abuse Treatment Program due to the information in his presentence investigation report concerning his possession of firearms in connection with a drug offense.

The defendant was originally sentenced on January 19, 1990, for various drug offenses and for carrying or using a firearm in connection with a drug offense in violation of 18 U.S.C. §924(c). Since defendant was sentenced on the firearm count as well as the drug offenses, the two-level enhancement for the presence of a firearm was not actually applied in calculating the defendant's sentence. The issue of whether the defendant in fact possessed firearms in a manner which would satisfy the requirements for the two-level firearm enhancement under U.S.S.G. §2D1.1(b)(1) was never raised or litigated by the parties at the time of sentencing.

Defendant later filed a habeas petition under 28 U.S.C. §2255, asserting that his conviction for the firearms offense

under §924(c) was not supported by the evidence in light of the new construction of the elements of that offense announced in United States v. Bailey, 516 U.S. 137 (1995). The government agreed that defendant's §924(c) conviction was invalid under Bailey, and defendant's conviction for that offense was vacated. The government argued that the two-level enhancement for the presence of firearms during the drug offense was then applicable. However, a sentencing hearing concerning the factual support for the two-level firearm enhancement was not held at that time because the career offender guidelines applicable to defendant's case resulted in a higher sentencing range than would have otherwise applied to the remaining drug convictions, making the question of whether defendant should receive the two-level enhancement irrelevant to the calculation of the defendant's sentence. Thus, the firearm enhancement has never been used in determining the defendant's sentence. The defendant's sentence has become final and the court has no jurisdiction to modify it.

The court lacks jurisdiction to consider defendant's request. Therefore, the defendant's motion for an order "specifically denying the application of a two point enhancement for possession of a firearm" is denied.

It is so ordered.

s\James L. Graham
James L. Graham
Chief United States District Judge

Date: April 29, 2004

ALW 1330.13C

Attachment 1

# INFORMAL ATTEMPT TO RESOLVE PROBLEM

As outlined in the governing Program Statement, *Administrative Remedy Program*, an attempt to informally resolve a problem should be made prior to the submission of a BP-9. Any FPC Allenwood inmate submitting a Request for Administrative Remedy must state in writing the attempts made at an informal resolution by answering the questions below.

This is the preferred course of action intended to minimize time and effort on the part of both staff and inmate, and to maintain the effectiveness of the program.

1. Name of Inmate and Registration Number:

   ROBERT E. EARTHMAN #62089-061

2. Nature of Complaint (State briefly what the problem is.):

   I WAS Told That I'm INEligible FOR EARly RELEASE UNDER 3621(e) DUE TO MY 924(c) CONVICTION BEING VACATED BASED ON COURT ORDER AND EVEN Though I didn't RECEIVE A TWO POINT ENhANCEMENT it is PRESUMED That I Would hAVE

3. Efforts Made to Resolve the Problem (Include contacts with staff [by name], use of request slips, etc.):

   I'VE SPOKE WITh DR. FINDLAY AND TRIED TO EXPLAIN TO him That A TWO POINT ENhANCEMENT DID NOT APPLY TO CAREER OFFENDER, I TRIED TO ShOW him A LETTER FROM THE JUDGE AND A GOVERNMENT RESPONSE

4. Counselor's Comments (Include efforts made to resolve informally.):

   I spoke with drug treatment staff who stated you are ineligible for time off this decision was made at the regional level

[signature] 6-22-04

Correctional Counselor's Signature — Date of Response

# Document 1c

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: [illegible] Robert | [illegible]-061 | B/B | Allenwood Camp |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I'm requesting that I be considered eligible for early release for taking the 500 hours residential drug abuse treatment program within the Bureau of Prisons. In 1990 I was sentence to 340 months as a career offender and 60 months for a 924(c) firearm charge, in 1997 my firearm conviction was vacated due to the Bailey Decision. Since I was sentence as a career offender under the provisions of U.S.S.G. 4B1.1 career offender guidelines the two level gun enhancement would not apply. THe Bureau of Prisons program statement 5162.04 states that a 924(c) CONVICTION that was subsequently vacated due to the Bailey Decision staff shall presume that the inmate would have received a two- level enhancement for possesion of a firearm unless there is a specific court order to the contrary. I've wrote the courts requesting a court order denying the application of a two point enhancement for a possesion of a firearm, being that my conviction is 15 years old and has become final the the courts lacks jurisdiction to consider my request until i exhaust all my administative remedies, first and then file 2241 Habeas Corpus. If the Government had chose not to sentence me as a career offender then the two level enhancement would have applied to my sentence.

DATE — See attached 2nd page — SIGNATURE OF REQUESTOR

**Part B—RESPONSE**

DATE — REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY — CASE NUMBER: ____

Part C—RECEIPT — CASE NUMBER: ____

Return to: ____ LAST NAME, FIRST, MIDDLE INITIAL — REG. NO — UNIT — INSTITUTION

SUBJECT: ____

2nd PAGE OF Regional Administrative Remedy Appeal

Robert Earthman  Reg# 62089-061  Unit B/B  Institution Allenwood

Continued- The two level enhancement would have applied to my sentence.

Attach is a copy of the government response and if you would read the foot note at the bottom of page (2) And top of page (3) it would clearly state that the two- level gun enhancement would not apply to the career offender guideline range which i was sentence to. I really wish this could be resolved at the regional level.

**EARTHMAN, Robert Eugene**
Reg. No. 62089-061
Appeal No. 340482-R1
Page One

---

**Part B - Response**

In your appeal, you appeal the decision of the Warden at FCI Allenwood advising you are ineligible for early release upon successful completion of the 500-hour Residential Drug Abuse Program.

As indicated by the Warden, your case was thoroughly reviewed for early release consideration after your 18 U.S.C. 924(c) conviction was vacated. We concur that there is sufficient evidence that your federal offense involved the use of a firearm. Program Statement 5330.10, Inmate Drug Abuse Programs Manual, Chapter 6, Page 1,and 28 C.F.R. § 550.58 provide that an inmate whose current offense involved the carrying, possession of use of a firearm is not eligible for early release under § 3621(e). We concur with the Warden's response and you are ineligible for early release under 18 U.S.C. § 3621(e). Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 19, 2004

D. SCOTT DODRILL
Regional Director

# Document 1d

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: [illegible] — LAST NAME, FIRST, MIDDLE INITIAL | [illegible] — REG. NO. | [illegible] — UNIT | [illegible] — INSTITUTION

**Part A—REASON FOR APPEAL** [illegible] up [illegible]

[illegible] Abuse [illegible] advised that [illegible] under [illegible] COUNT 4 [illegible] VACATED [illegible] However, [illegible] COUNT 4 [illegible] of U.S.S.G. [illegible] such [illegible], eligible for the sentence reduction under 18 U.S.C. §3621(e). [illegible] that my status be changed accordingly.

[illegible] to make the B.O.P. Central Office aware that there is a problem with [illegible] leaving this institution. As I mentioned at the beginning of this appeal, the previous [illegible] is essentially a duplicate of a BP-11 allegedly receipted by your [illegible] on September 1?, 2004. There are a number of circumstances surrounding the mailing of [illegible]. The return receipts were [illegible] signed, 2. The envelope which contained the response from the B.O.P. Central Office [illegible] Washington, D.C. was [illegible] by the Post Office in Bradford, PA. not Washington and

DATE

SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE

GENERAL COUNSEL

SECOND COPY: REGIONAL FILE COPY

CASE NUMBER: ______

Part C—RECEIPT

CASE NUMBER: ______

Return to: ______ LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ______

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

| Earthman, Robert | 62089-061 | E | FPC McKean |
|---|---|---|---|
| Name | REG. NO. | UNIT | INSTITUTION |

Central Office Administrative remedy Appeal, continued.

3. The manilla envelope had no return address in the upper left corner, preprinted or otherwise, to suggest its origin, 4. Though the alleged "Rejection Notice - Administrative Remedy" contained in the envelope was dated September 27, 2004, it was not postmarked until October 7, 2004 (from apparantly the wrong Post Office) and moreover, 5. Though postmarked on October 7, 2004, I did not receive the envelope until October 12, 2004. This conveniently coicides with the 15 day expiration until which I may "resubmit [the] appeal in proper form." 6. Lastly, I am certain I enclosed the correct number of copies of administrative remedies, which was the other reason for rejection.

I hope this is not a case of tampering with United States mail by the institution in order to prevent me from completing the administrative remedy process. I would expect an investigation to follow. I sincerely appreciate your time and attention in researching this matter.

Respectfully Submitted,

| Robert Earthman | 62089-061 | 10-26-04 |
|---|---|---|
| Name | Registration Number | Date |

**Administrative Remedy No. 340482-A2**
**Part B - Response**

You contend you have wrongly been denied eligibility for early release pursuant to 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Abuse Program (RDAP). You request to be deemed eligible for early release.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. Program Statement 5330.10, Drug Abuse Programs Manual, Inmate, provides in Section 6.1.1 that "as an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release...inmates whose current offense is a felony...that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives..."

Program Statement 5162.04, Categorization of Offenses, provides in Section 7(b) that "in some cases, an inmate may be convicted of an offense listed in this section as well as 18 U.S.C. § 924(c)(1), use of a firearm during a crime of violence or drug trafficking crime. According to the U.S. Sentencing Guidelines, if a defendant receives a § 924(c)(1) conviction, the court may not assess a two-level "Specific Offense Characteristic" enhancement for possession of a firearm; however, in light of the Supreme Court ruling in *Bailey v. U.S.*, 116 S.Ct. 501 (1995), a number of § 924(c)(1) convictions have been vacated. In *Bailey*, the Court held that the term "use" connotes an active employment of the firearm. If any of the offenses listed in this section were accompanied by a § 924(c)(1) conviction that was subsequently vacated due to the *Bailey* decision, staff shall presume that the inmate would have received a two-level "Specific Offense Characteristic" enhancement for possession of a firearm unless there is a specific court order to the contrary. Thus, absent a court order specifically denying the application of a two point enhancement for possession of a firearm, the inmate will not receive certain Bureau program benefits."

Inasmuch as there is no order denying the application of the presumptive enhancement, you remain ineligible for early release. The court's reasoning for not considering your request for such an order is irrelevant.

Your appeal is denied.

January 5, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

# Document 1e

NERH4 531.01 * INMATE HISTORY * 09-09-2005
PAGE 001 OF 001 * DRUG PGMS * 09:46:02

REG NO..: 62089-061 NAME....: EARTHMAN, ROBERT EUGENE
CATEGORY: DRG FUNCTION: PRT FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|---|
| MCK | DAP PART | RESIDENT DRUG TRMT PARTICIPANT | 01-12-2005 0836 | CURRENT |
| MCK | DRG E COMP | DRUG EDUCATION COMPLETED | 07-27-1992 1514 | CURRENT |
| MCK | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 05-17-1995 1505 | CURRENT |
| MCK | INELIGIBLE | 18 USC 3621 RELEASE INELIGIBLE | 03-08-2004 1539 | CURRENT |
| MCK | NR COMP | NRES DRUG TMT/COMPLETE | 09-26-2001 1518 | CURRENT |
| MCK | DAP WAIT | RESIDENT DRUG TRMT WAITING | 03-08-2004 1539 | 01-12-2005 0836 |
| ELK | NR PART | NRES DRUG COUNSEL PARTICIPANT | 07-18-2001 0939 | 09-26-2001 1518 |

G0000 TRANSACTION SUCCESSFULLY COMPLETED