# Document 1f

**U.S. Department of Justice**
Federal Bureau of Prisons

# Change
# Notice

**DIRECTIVE BEING CHANGED:** 5330.10
**CHANGE NOTICE NUMBER:** CN-03
**DATE:** October 9, 1997

1. <u>PURPOSE AND SCOPE</u>.  To transmit chapter changes to PS 5330.10, Drug Abuse Programs Manual, Inmate.

2. <u>SUMMARY OF CHANGES</u>.  This Change Notice modifies rules language related to the instant offense and provisional § 3621(e) criteria, and clarifies language regarding prior offenses. Attachments J and K were revised to include language that follows the new Program Statement on Categorization of Offenses.

Attachment N was developed to include a standardized format to obtain instant offense determinations from unit teams. Also, DAP staff must submit relevant documentation to legal staff when there is uncertainty over whether a prior offense would preclude an inmate from receiving a sentence reduction.

Other minor clarifications and corrections to this policy were included.

3. <u>DIRECTIVE REFERENCED</u>

   PS 5162.04      Categorization of Offenses (10/09/97)

4. <u>TABLE OF CHANGES</u>

| Remove | Insert |
|---|---|
| Table of Contents | Table of Contents |
| Chapter 5, Pages 5 and 6 | Chapter 5, Pages 5 - 6A |
| Chapter 6 | Chapter 6 |
| Chapter 7, Pages 3 and 4 | Chapter 7, Pages 3 and 4 |
| Chapter 9, Pages 5 and 6 | Chapter 9, Pages 5 and 6 |
| Chapter 9, Pages 13 and 14 | Chapter 9, Pages 13 - 15 |
| Attachments H, J, K, M | Attachments H, J, K, M |
| | Attachments N and O |

PS 5330.10
CN-03, October 10, 1997
Page 2

5.  <u>APPLICABILITY</u>.  This section summarizes the effect of this Change Notice on inmates who have <u>not</u> volunteered for the residential drug program or who are in a particular stage of drug treatment programming.

a.  <u>Inmates Not on the DAP Waiting List On This Change Notice Effective Date</u>.  All provisions of this Change Notice apply, including new rules (bolded) language;

b.  <u>Inmates on the DAP Waiting List But Not Participating in RDAP On This Change Notice Effective Date</u>.  All provisions of this Change Notice apply, including new rules (bolded) language;

c.  <u>Inmates Participating In or Who Completed the Unit-Based Portion of the RDAP On This Change Notice Effective Date</u>.  The rules language change that limits the CCRA's power to delay early release applies to this group of inmates.  Other rules changes do not apply to this group of inmates.

The non-rules text that excludes inmates from receiving early release for threats of violence against a third party (non-Bureau staff member) does not apply to this group of inmates.

6.  <u>ACTION</u>.  File this Change Notice in front of PS 5330.10, Drug Abuse Programs Manual, Inmate.


\s\
Kathleen M. Hawk
Director

**U.S. Department of Justice**
Federal Bureau of Prisons

# Change Notice

**DIRECTIVE BEING CHANGED:** 5330.10
**CHANGE NOTICE NUMBER:** CN-02
**DATE:** April 23, 1997

1.   <u>PURPOSE AND SCOPE</u>.   To transmit chapter changes to PS 5330.10, Drug Abuse Programs Manual, Inmate.

2.   <u>SUMMARY OF CHANGES</u>.   This Change Notice modifies select SENTRY DRG assignments to improve monitoring of an inmate's participation in drug programs.

For streamlining purposes, unit teams are no longer required to complete a hard copy of the Drug Use Review/Referral (DUR/RF) form.  Unit team staff enter information regarding an inmate's requirement to complete drug abuse education directly in SENTRY.  Additional clarification on when an inmate is eligible for early release to a detainer is provided.

Also, satellite camps as well as independent camps may create local procedures to refer inmates to drug education/treatment programming, per a recent Executive Staff decision.

Finally, new instructions to handle testing of inmates in drug programs are provided.

3.   <u>TABLE OF CHANGES</u>

| Remove | Insert |
|---|---|
| Table of Contents | Table of Contents |
| Program Statement, Page 3 | Program Statement, Page 3 |
| Chapter 2, Pages 1 - 3 | Chapter 2, Pages 1 - 3 |
| Chapter 6, Pages 3 and 4 | Chapter 6, Pages 3 and 4 |
| Chapter 6, Pages 7 and 8 | Chapter 6, Pages 7 and 8 |
| Chapter 9 | Chapter 9 |
| Attachment A | Attachment A |
|  | Attachment M |

PS 5330.10
(CN-02), April 23, 1997
Page 2

4.   <u>ACTION</u>.   File this Change Notice in front of PS 5330.10, Drug Abuse Programs Manual, Inmate.


                                    /s/
                              Kathleen M. Hawk
                              Director

**U.S. Department of Justice**
Federal Bureau of Prisons

# Change
# Notice

**DIRECTIVE BEING CHANGED:** 5330.10
**CHANGE NOTICE NUMBER:** CN-01
**DATE:** May 17, 1996

1. <u>PURPOSE AND SCOPE</u>. To transmit chapter changes to P.S. 5330.10, Drug Abuse Programs Manual, Inmate.

2. <u>SUMMARY OF CHANGES</u>. This Change Notice clarifies the definition of residential drug abuse programs in the Federal Bureau of Prisons and modifies the eligibility criteria for early release when an inmate completes a residential drug abuse treatment program. Specifically, inmates are required to complete the community-transition component of the residential drug abuse treatment program to be considered for a reduction in their sentence under 18 U.S.C. § 3621(e).

Attachments B-3, C, H and I have been modified, and Attachments J and K have been added to ensure that inmates considered for early release meet the statutory and regulatory criteria before transfer to a CCC or detainer.

3. <u>TABLE OF CHANGES</u>

| <u>Remove</u> | <u>Insert</u> |
|---|---|
| Table of Contents | Table of Contents |
| Chapters 5 and 6 | Chapters 5 and 6 (CN-01) |
| Attachments B-3, C, H and I | Attachments B-3, C, H, I, J, K, and L (CN-01) |

4. <u>ACTION</u>. File this Change Notice in front of P.S. 5330.10, Drug Abuse Programs Manual, Inmate.

\s\
Kathleen M. Hawk
Director



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program
# Statement

**OPI:** CPD
**NUMBER:** 5330.10
**DATE:** May 25, 1995
**SUBJECT:** Drug Abuse Programs Manual,
Inmate

**EFFECTIVE DATE:** June 26, 1995

1.  [**PURPOSE AND SCOPE** § 550.50.  **The Bureau of Prisons provides, subject to the availability of appropriated funds, drug abuse treatment programs to inmates.**]  The purpose of this Manual is to establish operational policy and procedural guidelines for the delivery of drug abuse treatment services and to describe the general philosophy of treatment guiding all Bureau drug abuse programs.  Further, this Manual establishes implementation guidelines for the Violent Crime Control and Law Enforcement Act of 1994, specifically, amendments to 18 U.S.C. § 3621, Subtitle T, Substance Abuse Treatment in Federal Prisons.

2.  PROGRAM OBJECTIVES.  The expected results of this program are:

   a.  Inmates who need and want drug abuse treatment will be able to participate in one or more programs designed to assist them.

   b.  Inmates who meet certain criteria will be required to participate in drug abuse treatment programs.

   c.  Eligible inmates who successfully complete the Bureau's residential drug abuse treatment program may earn up to a one year reduction from their statutory release date.

   d.  Inmates who violate program rules and expectations may be removed from a program and lose their eligibility for early release.

   e.  Inmates who participate in residential drug abuse programs will continue their drug abuse treatment when transferred to a Community Corrections Center.

   f.  Progress records on drug abuse treatment participants will be properly maintained.

[Bracketed Bold - Rules]
Regular Type - Implementing Information

3.  <u>DIRECTIVES AFFECTED</u>

  a.  <u>Directive Rescinded</u>

     P.S. 5330.09    Drug Abuse Programs, Inmate (10/31/94)

  b.  <u>Directives Referenced</u>

     P.S. 1070.03    Research (03/23/94)
     P.S. 1210.14    Management Control and Program Review
                     (10/06/94)
     P.S. 1330.11    Administrative Remedy Procedure for Inmates
                     (10/29/93)
     P.S. 1351.02    Privacy Act of 1974 (09/25/75)
     P.S. 5070.08    Responses to Judicial Recommendations and
                     U.S. Attorney Reports (11/15/93)
     P.S. 5100.05    Security Designation and Custody
                     Classification Manual (06/16/94)
     P.S. 5290.07    Intake Screening (07/20/92)
     P.S. 5290.08    Admission and Orientation Program (04/20/93)
     P.S. 5310.12    Psychology Services Manual (08/30/93)
     P.S. 5321.05    Unit Management Manual (10/19/93)
     P.S. 5325.04    Pre-Release Program (07/13/94)
     P.S. 5380.02    Financial Responsibility Program, Inmate
                     (05/15/91)
     P.S. 5800.09    Central File, Privacy Folder, and Parole
                     Mini-Files (07/21/93)
     P.S. 6060.05    Urine Surveillance to Detect and Deter
                     Illegal Drug Use (11/18/91)
     P.S. 7300.08    Community Corrections Manual (04/01/91)
     P.S. 7310.02    Community Corrections Center (CCC)
                     Utilization and Transfer Procedure (10/19/93)
     P.S. 7430.01    Community Transitional Drug Treatment
                     Services, Inmate (01/20/95)

  c.  Rules cited in this Program Statement are contained in 28
CFR Parts 542, 545, 550.

4.  <u>STANDARDS REFERENCED</u>

  a.  American Correctional Association Foundation/Core Standards
for Adult Correctional Institutions:  C2-5154, C2-4248

  b.  American Correctional Association 3rd Edition Standards for
Adult Correctional Institutions:  3-4371, 3-4388

  c.  American Correctional Association Foundation/Core Standards
for Adult Local Detention Facilities:  C2-5258

  d.  American Correctional Association 3rd Edition Standards for
Adult Local Detention Facilities:  3-ALDF-4E-40, 4E-41, 4F-05

PS 5330.10
(CN-02), April 23, 1997
Page 3

5.  <u>RESPONSIBILITIES</u>.  The Warden shall implement in all Bureau
of Prisons institutions the requirements contained in this
Manual.  Implementation of this Manual is intended to create a
uniform and effective drug abuse program system throughout the
Bureau of Prisons.

* With the exception of inmates who volunteer for drug education or
  non-residential drug counseling (see Chapters 3 and 4), the
  requirements in this Manual do not apply to pre-trial inmates.  *


                                        /s/
                                   Kathleen M. Hawk
                                   Director

PS 5330.10
CN-03 October 09, 1997
Chapter 6, Page 1

CHAPTER 6

<u>EARLY RELEASE QUALIFICATIONS</u>

\* 6.1 [<u>Consideration for Early Release</u> §550.58. An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.]

6.1.1 [a.  <u>Additional Early Release Criteria</u>.  (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

(i)  INS detainees;

(ii)  Pretrial inmates;

(iii)  Contractual boarders (for example, D.C., State, or military inmates);

(iv)  Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, aggravated assault, or child sexual abuse offenses;

(v)  Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;

(vi) Inmates whose current offense is a felony:

(A) that has an element, the actual, attempted, or threatened use of physical force against the person or property of another, or

(B) that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or

(C) that by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or

(D) that by its nature or conduct involves sexual abuse offenses committed upon children.]

The rules language contained above in (6)(a),(b),(c), and (d), is also contained as implementing text in the Program Statement on Categorization of Offenses. This policy has been developed to assist in the implementation of various Bureau policies and programs. More specifically, an inmate may or may not be qualified for early release under 18 U.S.C. § 3621(e) in the following circumstances:

    (1) <u>The inmate has been sentenced pursuant to Title 18 U.S.C. Chapter 227, Subchapter D</u>. This subsection indicates that an inmate has been sentenced under the Sentencing Reform Act (SRA), or the "new law". Ordinarily, these inmates have been sentenced for an offense that occurred on or after November 1, 1987. Additionally, if an inmate is serving an SRA "new law" sentence, he or she cannot be a contractual border, an INS detainee, or a pretrial inmate;

    ■ INS detainees and pretrial inmates may be held in Bureau custody, but they are <u>not</u> serving a federal sentence under SRA, or the "new law".

    (2) <u>The inmate's current conviction does not exclude him/her from early release according to the Categorization of Offenses Program Statement</u>. Generally, the Program Statement on Categorization of Offenses guides unit teams in determining whether the current offense requires exclusion from early release. Specifically:

    ■ Instant offense determinations for inmates who have a SENTRY assignment of DAP WAIT on the effective date of the Change Notice Number 3, and future volunteers are based on the Program Statement, Categorization of Offenses.

    ■ Instant offense determinations for inmates who are either participating in or have completed residential drug abuse treatment (DAP PART, DAP INCOMP or DAP COMP) on the date of Change Notice Number 3 are based on the Program Statement Definition of Term, Crimes of Violence and accompanying Operations Memoranda (see section 6.3.2 of this chapter for further instructions).

    (3) <u>The inmate's prior adult criminal record includes no convictions which disqualify him/her for early release, based on the Director's Discretion</u>. <u>Any</u> adult misdemeanor or felony conviction for Homicide (including Non-Negligent Manslaughter), Forcible Rape, Robbery, Aggravated Assault, or Child Sexual Abuse are crimes that disqualify an inmate for early release; drug abuse treatment program coordinators must review available documents containing criminal history to ensure the inmate does not have any prior adult convictions for these crimes. "Previous adult convictions" includes criminal convictions that occur at <u>any time</u>, prior to the inmate's § 3621(e) release date. Prior convictions in other countries must also be considered.

With regard to prior offenses, juvenile adjudications and disciplinary findings cannot be used to deny an inmate a 3621(e) sentence reduction.

To verify if a prior conviction for a state child sexual abuse offense would disqualify an inmate for early release, DAP staff should refer the appropriate documentation to local legal counsel for a final determination. Legal staff will compare the elements of the prior state offense with the Federal child sexual offense provisions listed in 18 U.S.C. §§ 2241, 2242, 2243, and 2244(a). If the elements of the prior state offense are similar to the elements of any of the above referenced Federal offenses, the inmate shall be disqualified for early release.

In <u>rare</u> instances, an aggravated assault can be a misdemeanor conviction. Additionally, the PSI is not always clear on whether a conviction for:

- assault is aggravated,
- a homicide is non-negligent,
- a sexual assault constitutes forcible rape, or
- sexual abuse of children is an offense that disqualifies the inmate.

Therefore, DAP staff should request institution legal counsel to make the final determination when uncertainty exists. A record of this determination should be noted in the inmate's DAP records.                    *

(4) <u>The inmate has successfully completed all parts of the Bureau's residential drug abuse treatment program</u>. Inmates receiving an early release under § 3621(e) must have successfully completed a residential drug abuse treatment program for a minimum of 500 hours for at least six months in a unit-based treatment environment, separated from general population as well as those additional residential program components described in Chapter 5, Section 5.2.1.

(5) <u>The inmate is not excluded from a community-based program placement</u>. For early release consideration under § 3621(e) and in accordance with the opening paragraph of this section, an inmate must be able to participate in community-based programs so as to complete the transitional services component of treatment in a Community Corrections Center or on home confinement.

Finally, there are two groups of inmates that require further direction concerning a § 3621(e) sentence reduction:

♦ inmates with physical or medical disabilities who may be eligible for § 3621(e) release consideration, and
♦ inmates with detainers who were participating in a residential drug abuse program on or before August 17, 1995.

# Document 1g

PS 5162.04   CATEGORIZATION OF OFFENSES



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program
# Statement

**OPI:** OGC
**NUMBER:** 5162.04
**DATE:** October 9, 1997
**SUBJECT:** Categorization of
Offenses

1. <u>PURPOSE AND SCOPE</u>.  To assist in the implementation of various Federal Bureau of Prisons policies and programs.  Section 6 of this Program Statement lists offenses the Bureau categorizes as crimes of violence as that term is used in various statutes. In addition, Section 7 lists offenses that in the Director's discretion shall preclude an inmate's receiving certain Bureau program benefits.

2. <u>PROGRAM OBJECTIVE</u>. The expected result of this program is:

An inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons.

3. <u>DIRECTIVES AFFECTED</u>

   a.  <u>Directive Rescinded</u>

      OM 149-96 (5162)    Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Ninth Circuit (12/24/96)

   b.  <u>Directives Referenced</u>

      PS 5110.11    Notification of Release to State and Local Law Enforcement Officials (10/31/95)
      PS 5162.02    Definition of Term, Crimes of Violence (7/24/95)

| PS 5322.09 | Classification and Program Review of Inmates (3/10/94) |
| PS 5330.10 | Drug Abuse Programs Manual, Inmate (5/25/95) |
| PS 5390.07 | Intensive Confinement Center Program (4/24/96) |
| PS 5800.07 | Inmate Systems Management Manual (12/24/91) |
| PS 5800.08 | Receiving and Discharge Manual (6/15/93) |
| PS 5880.28 | Sentence Computation Manual (CCCA of 1984) (2/21/92) |
| PS 5880.30 | Sentence Computation Manual (Old Law, Pre-CCCA of 1984) (7/16/93) |

4.  <u>STANDARDS REFERENCED</u>.  None.

5.  <u>APPLICATION</u>.  Criminal offenses are defined in many different titles of the United States Code including Titles 7, 16, 18, 21, 26, 29, 30, and 46.  The offenses contained in these titles that may be crimes of violence are listed in Section 6.  Section 7 lists offenses that are not categorized as crimes of violence, but would nevertheless preclude an inmate's receiving certain Bureau program benefits at the Director's discretion.

Some Bureau policies or programs require a determination that an inmate committed a crime of violence, for example, the Program Statement on Inmate Discipline and Special Housing Units.  Other policies or programs, such as early release pursuant to 18 U.S.C. § 3621(e) and placement in Intensive Confinement Centers, indicate that an inmate may be denied the benefits of such programs if he or she was convicted of an offense listed in either Section 6 or 7.  When an inmate may be denied a program benefit under either Section 6 or 7, staff must carefully explain the basis for the denial.  For example, if an inmate is convicted of an offense listed in Section 7, the inmate should be denied a program benefit because he or she committed an offense identified at the Director's discretion, rather than a crime of violence.

If a particular Code section in these titles is not listed in Section 6 or Section 7, and case management staff believe the crime might be violent, or might preclude an inmate's receiving certain Bureau program benefits, they shall contact legal staff at the institution or the Regional Counsel.  Also, if a Judgment and Commitment Order (J&C) references a United States Code section that is not found in Titles 7, 16, 18, 21, 26, 30, 42, or 49, they should contact legal staff at the institution or the

Regional Counsel to determine whether a recommendation should be made to change the policy to incorporate the offense in question.

Some of the Code sections may be listed in more than one section below; such duplication is indicated by an asterisk.  In such cases, staff are to check subsequent sections of the Program Statement to determine whether the offense is a crime of violence or an offense that would otherwise preclude an inmate's receiving certain Bureau program benefits.

6.  OFFENSES CATEGORIZED AS CRIMES OF VIOLENCE

   a.  Criminal Offenses That are Crimes of Violence in **All Cases**.
Some Bureau policies or programs require a determination that an inmate committed a crime of violence, for example, the Program Statement on Inmate Discipline and Special Housing Units.  Other policies or programs, such as early release pursuant to 18 U.S.C. § 3621(e), indicate that an inmate could be denied the benefits of such programs if he or she was convicted of an offense listed in either Section 6 or 7.

Any conviction for an offense listed below is categorized as a crime of violence.

      (1)  Title 18, United State Code Sections

      ◆  32          destruction of aircraft
      ◆  34          penalty when death results
      ◆  35(b)       conveying false information that harms human life
      ◆  36          firing weapons into group of persons (**VCCLEA addition**)
      ◆  37          violence at international airports (**VCCLEA addition**)
      ◆  43(b)       animal enterprise terrorism causing death or injury
      ◆  81          arson w/in maritime jurisdiction
      ◆  111         assaulting officers of the United States
      ◆  112(a)          assaulting foreign officials
      ◆  113         assaults w/in maritime jurisdictions
      ◆  114         maiming w/in maritime jurisdiction
      ◆  115         threatening family member of a federal official

PS 5162.04
10/09/97
Page 4

- 175            biological weapons
- 231            civil disorders
- 245            federally protected activities
- 247(a)(1)      damage to religious property/obstruction of exercise of religion
- 247(a)(2)      obstruction of persons in free exercise of religion
- 351            assassination of cabinet and congress members
- 373            soliciting to commit a violent act
- 753            rescue of an inmate to prevent execution
- 842            explosive materials
- 844            penalties
- 871            threats against the President
- 875(a),(b), (c)   interstate communications
- 878            threats against foreign officials
- 879            threats against former presidents
- 922(a)(4), (a)(7),(a)(8), (b)(4),(b)(5), (d)(1),(d)(2), (d)(4),(d)(8), (o),(p)   firearms violations
- 924(c)         firearms used in violent or drug trafficking crimes
- 930(b)&(c)     possession of firearms in federal facilities
- 970(a)         damage of property owned by foreign governments
- 1091           genocide
- 1111           murder
- 1112           manslaughter
- 1113           attempt to commit murder or manslaughter
- 1114           murder of officers
- 1116           murder of foreign officials
- 1117           (conspiracy to murder)
- 1118           murder in correctional institution (VCCLEA addition)
- 1119           foreign murder of US national (VCCLEA addition)
- 1120           murder by escaped prisoner (VCCLEA addition)
- 1121           murder by state or local officer (VCCLEA addition)

◆ **1201**          kidnapping

PS 5162.04
10/09/97
Page 5

- 1203        hostage taking
- 1204        international parental kidnapping
- 1364        interference by foreign commerce by violence
- 1365        tampering with consumer products **except** 1365(b),(c)
- 1512(a)     killing witness or victim
- 1513        retaliation against witness or victim
- 1581        peonage
- 1583        enticement into slavery
- 1584        sale into servitude
- 1585        slave trading
- 1587        possession of slaves aboard a vessel
- 1588        transporting slaves
- 1651        piracy
- 1652        citizens as pirates
- 1653        aliens as pirates
- 1655        assault on commander as pirates
- 1659        attack to plunder a vessel
- 1661        robbery ashore
- 1751        assassination of president or staff
- 1792        mutiny or riot
- 1859        surveys interrupted
- 1864        hazardous devices on federal lands
- 1958        use of interstate commerce in murder for hire
- 1959        violent crimes aiding racketeering
- 1991        entering train to commit crime
- 1992        wrecking trains
- 2101        riots
- 2111        special maritime jurisdiction
- 2113(d),(e) bank robbery and incidental crimes
- 2114        assault of person carrying mail
- 2115        breaking into post office
- 2118(a),(b),(c)        robberies and burglaries involving controlled substances
- 2119        crimes involving motor vehicles
- 2191        cruelty to seamen
- 2231(b)     assault or resistance
- 2232(a)     destruction of property to prevent seizure
- 2233        rescue of seized property
- 2241        aggravated sexual abuse
- 2242        sexual abuse
- 2244(a)     abusive sexual contact

PS 5162.04
10/09/97
Page 6

◆  2245          sexual abuse resulting in death (**VCCLEA addition**)
◆  2261          interstate domestic violence (**VCCLEA addition**)
◆  2275          firing or tampering with vessels
◆  2276          breaking and entering vessels
◆  2280          violence against maritime navigation (**VCCLEA addition**)
◆  2281(NOT(A)) violence against fixed platforms (**VCCLEA addition**)
◆  2332          penalties for homicide
◆  2332a         use of weapons of mass destruction (**VCCLEA addition**)
◆  2340A         torture
◆  2383          rebellion or insurrection
◆  2384          sedition conspiracy
◆  2385          advocating the overthrow of the government
◆  2389          recruiting for service against U.S.
◆  2390          enlistment to serve against U.S.
◆  2421          transportation for illegal sexual activity
◆  2422          coercion into interstate travel for illegal sexual activity
◆  2423          transportation of minors for illegal sexual activity

(2)   Title 21 United States Code Sections

◆  841(e)        boobytraps on federal property
◆  848(e)        death penalty for criminal offenses
◆  858           endangering human life while manufacturing controlled substances

(3)   Title 26 United States Code Sections

◆  5861(a) thru (1) firearms

(4)   Title 42 United States Code Sections

◆  2000(e)(13)   killing of officer while enforcing Equal Employment Act
◆  2283(a)       protection of nuclear inspectors
◆  2284(a)       sabotage of nuclear facilities
◆  3631          interference with housing

(5)   <u>Title 49 United States Code Sections</u>

- ◆   46502       aircraft piracy
- ◆   46504       interference with flight crew members
- ◆   46505(c)   carrying a weapon on an aircraft
- ◆   46507       false information and threats

b.   *  <u>Title 18, United States Code Section 2113(a)</u>.   Title 18, United States Code Section 2113(a) provides in part:

"Whoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . . shall be fined under this title or imprisoned not more than twenty years, or both."

This statute covers various offenses, including not only bank robbery but also embezzling bank funds, stealing bank property, and bank larceny.

With regard to the specific crime of bank robbery, the offense shall be considered a crime of violence, since the offense involves an explicit or implicit threat of force and thus has as an element the threatened use of physical force against the person or property of another.  For offenses pursuant to § 2113(a) other than bank robbery, see Section 7.e. below.

c.   <u>Conspiracy, Attempt, and Similar Offenses Which Involve an Underlying Offense</u>.  The statutes listed in this section cover conspiracy offenses (see, e.g., 18 U.S.C. § 371) when an individual has planned with others to commit a particular crime. Other listed statutes cover attempted offenses, i.e. when an individual tried but did not succeed in committing the crime.   In reviewing these types of offenses, it is necessary to examine the "underlying offense" (what the defendant was conspiring to do or attempting to do).  If the underlying offense is categorized as violent pursuant to Section 6.a. of this Program Statement, e.g., murder, then the attempt or the conspiracy offense is also

violent. The underlying offense will be included in the PSI and
may be noted on the J&C.

Other statutes listed in this section do not criminalize
behavior but set out penalties that result from violating other
statutes.

> Example: 18 U.S.C. § 924(a)(1)(B) provides that whoever
> **"knowingly violates subsection (a)(4),(f),(k),(r),(v),
> or (w) of section 922 . . . shall be fined under this
> title, imprisoned not more than five years, or both."**

> The J&C may indicate the sentence was imposed pursuant to
> the penalty provisions of § 924(a)(1)(B) without indicating
> the conviction for the underlying offense. The PSI,
> however, notes the underlying conviction, "Transporting a
> Destructive Device in Interstate Commerce" [18 U.S.C.
> § 922(a)(4)]. In order to determine whether the offender's
> current offense is violent, staff should assess whether the
> underlying offense is violent in accordance with Section
> 6.a. of this Program Statement; if the underlying offense is
> violent, then the offender should be deemed violent.

The following offenses **may** be violent depending on the
underlying offense.

### Title 18, United States Code Sections

- ✦ *241        conspiracy to deprive civil rights (**if
                 conspiracy**)
- ✦ *371        conspiracy to commit offense/fraud against
                 U.S.
- ✦ *372        conspiracy to impede or inure officer
- ✦ *924        penalties for firearms violations
- ✦ *1962       racketeering
- ✦ *2118(d)    robberies involving controlled substances

7. <u>OFFENSES THAT AT THE DIRECTOR'S DISCRETION SHALL PRECLUDE AN
INMATE'S RECEIVING CERTAIN BUREAU PROGRAM BENEFITS</u>. For certain
Bureau programs, such as early release pursuant to 18 U.S.C.
§ 3621(e) and placement in Intensive Confinement Centers, an
inmate may be denied program benefits if he or she was convicted
of an offense listed in either this section or Section 6. If an

PS 5162.04
10/09/97
Page 9

inmate is denied the benefit of such a program, staff must
carefully describe the basis for the denial.  For example, if an
inmate is convicted of an offense listed in this section, the
inmate shall be denied a program benefit because he or she
committed an offense identified at the Director's discretion,
rather than a crime of violence.

As an exercise of the discretion vested in the Director, an
inmate serving a sentence for an offense that falls under the
provisions described below shall be precluded from receiving
certain Bureau program benefits.

Inmates whose current offense is a felony that:

 * has as an element, the actual, attempted, or threatened use
   of physical force against the person or property of another,
   or

 * involved the carrying, possession, or use of a firearm or
   other dangerous weapon or explosives (including any
   explosive material or explosive device), or

 * by its nature or conduct, presents a serious potential risk
   of physical force against the person or property of another,
   or

 * by its nature or conduct involves sexual abuse offenses
   committed upon children.

Thus, for an inmate to receive Bureau program benefits such as
those mentioned above, he or she must not be convicted of an
offense listed in this section or in Section 6.

    a.  Criminal Offenses with an Enhanced Base Offense Level.
Convictions for an offense listed below may or may not satisfy
the standard listed in the introductory portion of Section 7.

    At the time of sentencing, the court makes a finding of whether
an offense listed below involved the use of force, and this
finding is reflected in the PSI section entitled "Offense
Computation," subsection entitled "Base Offense Level."  This
subsection references a particular U.S. Sentencing Guideline

provision that distinguishes between violations of the particular criminal code section that are committed with and without force.

> Example:  Title 18 United States Code Section 241, Conspiracy Against Rights provides:
>
> > "If two or more persons conspire to injure, oppress, threaten or intimidate any person . . . in the free exercise or enjoyment of any right or privilege. . . ."

This crime may or may not be committed through the use of force or threatened use of force, since one can be oppressed through means other than force.  Pursuant to U.S. Sentencing Guideline Section 2H2.1:

- if the crime involved obstructing an election or registration, and the obstruction occurred using force or threat of force against persons or property, the base offense level is 18, or

- if the obstruction occurred without the use or threatened use of force, such as forgery, fraud, theft, deceit, etc., the base offense level is 12.

If an offender was convicted of an offense listed below, case management staff must examine the base offense level to determine whether the offense would preclude the inmate from receiving certain Bureau program benefits.  If the PSI does not include an explanation as to the reason for assigning a particular base offense level, case management staff may need to examine the particular Sentencing Guideline referenced.

Some of the offenses listed below may correspond to more than one Sentencing Guideline, only one of which includes a base level adjustment for the use or threatened use of force.  Accordingly, it is possible that an examination of the Offense Computation section of the PSI may reveal no mention of the use or threatened use of force.  When the PSI fails to explain the reason for assigning a particular base offense level, case management staff must examine the particular Sentencing Guideline referenced to determine whether the court found that the use of force was implicated in the offense.

Case management staff may contact institution legal staff or Regional Counsel if they have questions regarding this section. A list of offenses for which the Sentencing Guidelines base offense level is affected by the use or threatened use of force follows.  At the Director's discretion, inmates with such an offense shall be precluded from receiving certain Bureau program benefits.

### Title 18, United States Code Sections

- 33          destruction of motor vehicles or facilities
- 241         conspiracy against rights (**for other than conspiracy**)
- 242         deprivation of rights under color of law
- 592         putting troops at polls
- 593         interference by armed forces
- 1791        possessing contraband in prison
- 1952        transporting items in aid of racketeering
- *2116       railway or steamboat post office
- 2231(a)     assault on persons executing search warrant
- 2381        treason

b.  Criminal Offenses with a Specific Offense Characteristic Enhancement.  Convictions for an offense listed below, like those listed in Section 7.a., may or may not satisfy the standard listed in the introductory portion of Section 7.

At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics."  This subsection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.

Example:  Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs.  Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would increase the defendant's base

offense level by two levels.  This particular "Specific
Offense Characteristic" (possession of a dangerous weapon
during the commission of a drug offense) poses a serious
potential risk that force may be used against persons or
property.  Specifically, as noted in the U.S. Sentencing
Guidelines § 2D1.1., application note 3, the enhancement for
weapon possession reflects the increased danger of violence
when drug traffickers possess weapons.  Accordingly, an
inmate who was convicted of manufacturing drugs, (21 U.S.C.
§ 841) and received a two-level enhancement for possession
of a firearm has been convicted of an offense that will
preclude the inmate from receiving certain Bureau program
benefits.

In some cases, an inmate may be convicted of an offense listed
in this section as well as 18 U.S.C. § 924(c)(1), use of a
firearm during a crime of violence or drug trafficking crime.
According to the U.S. Sentencing Guidelines, if a defendant
receives a § 924(c)(1) conviction, the court may not assess a
two-level ░Specific Offense Characteristic░ enhancement for
possession of a firearm; however, in light of the Supreme Court
ruling in *Bailey v. U.S.*, 116 S.Ct. 501 (1995), a number of
§ 924(c)(1) convictions have been vacated.  In *Bailey*, the Court
held that the term ░use░ connotes an active employment of the
firearm.  If any of the offenses listed in this section were
accompanied by a § 924(c)(1) conviction that was subsequently
vacated due to the *Bailey* decision, staff shall presume that the
inmate would have received a two-level ░Specific Offense
Characteristic░ enhancement for possession of a firearm unless
there is a specific court order to the contrary.  Thus, absent a
court order specifically denying the application of a two point
enhancement for possession of a firearm, the inmate will not
receive certain Bureau program benefits.

Some of the offenses listed below may correspond to more than
one Sentencing Guideline, only one of which includes a Specific
Offense Characteristic for the use of force.  Alternatively, the
PSI may fail to adequately describe the Specific Offense
Characteristic that underlies the increase in offense level. In
either case, it is possible that an examination of the Offense
Computation section of the PSI reveals no mention of the use of
force.  If this occurs, case management staff must examine the
particular Sentencing Guideline referenced to determine whether

the court found that the use of force was implicated in the offense.

> Example:  The PSI in the above scenario may state "SOC (specific offense characteristic) 2F1.1(4) increase 2 levels." If the Report does not further state "since the offense involved the conscious or reckless risk of serious bodily injury, increase by two levels pursuant to 2F1.1(4)," the case management staff may have to examine Guideline 2F1.1(4) to determine that the only basis for this particular increase is a finding that the offense included the risk of bodily injury.

Case management staff may contact institution legal staff or Regional Counsel if they have questions regarding this section. Below is a list of offenses for which there could be a Specific Offense Characteristic enhancement for the use of force:

(1)    Title 16, United States Code Sections

♦  773e(a)(2),
   (3),(4),(6)    violation of Northern Pacific Halibut Act
♦  773g          violation of Northern Pacific Halibut Act
♦  1857(a)(D),
   (E),(F),(H)    violation of National Fishery Management
                  Program
♦  1859          violation of National Fishery Management
                  Program
♦  2435(4),(5),
   (6),(7)        violation of Antarctic Marine Living
                  Resources Convention
♦  2438          violation of Antarctic Marine Living
                  Resources Convention
♦  3606          violation of North Atlantic Salmon Fishing
♦  3637(a)(2),
   (3),(4),(6),
   (c)            violation of Pacific Salmon Fishing
♦  5009(5),(6),
   (7),(8)        violation of North Pacific Anadromous Stock
                  Convention
♦  5010(b)        violation of North Pacific Anadromous Stock
                  Convention

(2)  <u>Title 18, United States Code Sections</u>

- ◆  **755**        officer permitting escape
- ◆  **757**        procures escape for prisoner of war
- ◆  **874**        kickbacks from public works employees
- ◆  **894**        extending credit through extortionate means
- ◆  **1163**       embezzlement/theft from Indian organizations
- ◆  **1503**       influencing or injuring officer or juror
- ◆  **1505**       obstruction of proceedings before departments
                or agencies
- ◆  **1511**       obstruction of state or local law enforcement
- ◆  **1516**       obstruction of a federal audit
- ◆  **1517**       obstructing financial examination
- ◆  **1951**       interference with commerce by
                threats/violence
- ◆  **2112**       robbery of personal property of United States
- ◆  **\*2116**      breaking into a mail car

(3)  <u>Title 21, United States Code Sections</u>

- ◆  **841(NOT(e))**,controlled substance violation
- ◆  **\*846**        attempt and conspiracy

(4)  <u>Title 26, United States Code Sections</u>

- ◆  **7212**       attempt to interfere with revenue laws
- ◆  **7214**       unlawful acts by employees of the IRS

(5)  <u>Title 30, United States Code Sections</u>

- ◆  **1461(a)(3),**
     **(4),(5),(7)** resisting officers for violations under Deep
                Seabed Mineral Resources Act
- ◆  **1463**       violations of Deep Seabed Mineral Resources
                Act

(6)  <u>Title 33, United States Code Section</u>

- ◆  **1232(b)(2)** ports and waterways safety enforcement
                provisions

(7)   Title 40, United States Code Section

♦   193f(a)        security of Capitol grounds and buildings

(8)   Title 42, United States Code Sections

♦   1973aa         application of prohibition to other States
♦   1973aa-1       residence requirements for voting
♦   1973aa-1a      bilingual election requirements
♦   1973aa-3       penalty
♦   1973bb         enforcement of twenty-sixth amendment
♦   1973gg-10      criminal penalties
♦   2283(b)        protection of nuclear inspectors
♦   19151(2),
     (3),(4),(5)   violation of Ocean Thermal Energy Conversion
                   Act
♦   9152(d)        violation of Ocean Thermal Energy Conversion
                   Act

(9)  Title 46, United States Code Section

♦   1903           Manufacture, Distribution, or possession with
                   intent to manufacture controlled substances

(10)  Title 49, United States Code Section

♦   46505(b)       carrying a weapon on an aircraft

c.   Criminal Offenses That **May** Preclude an Inmate's Receiving
Certain Bureau Program Benefits.   In addition to Sections 7.a.
and 7.b. above, an inmate may be precluded from receiving certain
Bureau program benefits based on an offense listed in this
section. For the offenses listed below, the Sentencing Guidelines
may provide little insight into the court's findings.
Accordingly, rather than simply examining the base offense level
or the specific offense characteristics, case managers must
carefully examine the entire Offense Computation section of the
PSI and, if necessary, the Offense Conduct section to determine
if the offense would preclude an inmate's receiving certain
Bureau program benefits based on whether the offense satisfies
the standard listed in the introductory portion of Section 7.

The following offenses **may** preclude an inmate's receiving certain Bureau program benefits based on a variety of factors.

(1)  <u>Title 7, United States Code Section</u>

♦  **473c-1**        offenses in relation to sampling of cotton

(2)  <u>Title 16, United States Code Sections</u>

♦  **5106(e)(5),
(6),(7),(9),**  violation of Atlantic Coast Fisheries
**(f)(2)**        Cooperative Management

(3)  <u>Title 18, United States Code Sections</u>

♦  **700**        desecration of the flag of the United States
♦  **751**        escape from federal prison
♦  **752**        instigating/assisting escape from federal prison
♦  **831**        prohibited acts involving nuclear materials
♦  **876**        mailing threatening communications
♦  **877**        mailing threatening communications from foreign country
♦  **1153**       offenses within Indian Country
♦  **1512(b)**    tampering with a witness/victim/informant
♦  **1708**       theft or receipt of stolen mail
♦  **1792**       mutiny and riot in prison
♦  **1956**       money laundering
♦  **2117**       breaking into carrier facilities
♦  **2152**       destruction of submarine and torpedo works
♦  **2153**       destruction of war materials
♦  **2154**       production of defective war material
♦  **2155**       destruction of national defense materials
♦  **2156**       production of defective national defense material
♦  **2192**       incitation of seamen to revolt
♦  **2193**       mutiny
♦  **2247**       repeat offenders
♦  **2387**       activities involving armed forces

(4)  <u>Title 40, United States Code Sections</u>

♦  **193f(a),(b)** security of Capitol grounds and buildings

d. <u>Conspiracy, Attempt, and Other Offenses Which Involve an
Underlying Offense</u>. Some of the statutes listed in this section
cover conspiracy offenses (see, e.g., 21 U.S.C. § 846) when an
individual has planned with others to commit a particular crime.
Other listed statutes cover attempted offenses (see, e.g., 21
U.S.C. §§ 846 and 963) when an individual tried but did not
succeed in committing the crime. In reviewing these types of
offenses, it is necessary to examine the "underlying offense"
(what the defendant was conspiring to do or attempting to do).
If the underlying offense would preclude the inmate from
receiving certain Bureau program benefits based on any of the
other portions of Section 7 of this policy, the conspiracy or the
attempt offense shall also preclude the inmate from receiving the
same benefits. The underlying offense will be included in the
PSI and may be noted on the J&C.

> <u>Example</u>: The Judgment and Commitment Order may indicate a
> conviction for "Attempt and Conspiracy" (21 U.S.C. § 846).
> The accompanying Presentence Investigation Report will
> reference the underlying crime, in many cases it will be
> "Possession with Intent to Distribute a Controlled
> Substance" (21 U.S.C. § 841). Staff should then review the
> underlying offense (in this case possession of controlled
> substance) to determine whether it satisfies the standard
> listed in the introductory portion of Section 7. As noted
> in the example in section b above, if the PSI indicates that
> the defendant received a 2 level increase for possessing a
> dangerous weapon, then the offense should preclude the
> inmate from receiving certain Bureau program benefits; if no
> such enhancement was given, the offense should not preclude
> the inmate from receiving such benefits.

(1)  <u>Title 18, United States Code Sections</u>

- ◆ *241        conspiracy to deprive civil rights (**if
                 conspiracy**)
- ◆ *371        conspiracy to commit offense/fraud against
                 U.S.
- ◆ *372        conspiracy to impede or inure officer
- ◆ *924        penalties for firearms violations

PS 5162.04
10/09/97
Page 18

&diams; *1962           racketeering
&diams; *2118(d)        robberies involving controlled substances

(2)  <u>Title 21, United States Code Sections</u>

&diams; *846           attempt and conspiracy
&diams;  848           controlled substances violations as criminal
                       enterprise
&diams;  963           conspiracy or attempt to violate controlled
                       substance laws

e.  <u>Special Circumstances</u>

&diams; <u>Title 18, United States Code § 922(g)</u>.  All offenses
under 18 U.S.C. § 922(g) shall preclude an inmate from receiving
certain Bureau program benefits.

&diams; *<u>Title 18, United States Code § 2113(a)</u>.  Excluding bank
robbery (see Section 6.b. above), other offenses covered by 18
U.S.C. § 2113(a), (e.g., bank larceny, etc.), shall be reviewed
similarly to offenses in Section 7.b.  Defendants may receive a
Specific Offense Characteristic enhancement that will result in
an increase in the base offense level.  Such enhancements provide
for an increase in the defendant's base offense level if:

     ▪   a firearm was discharged,
     ▪   a firearm or other dangerous weapon was
         brandished, displayed, possessed or used, or
     ▪   an express or implied threat of death was made
         (U.S.S.G. 2B3.2(b), Application Notes 2 and 6).

If a defendant received such an enhancement (or one of the
other enhancements involving the use or threatened use of force),
the offense shall preclude the inmate's receiving certain Bureau
program benefits.

&diams; <u>Title 18, United States Code § 2243</u>.  A conviction for
sexual abuse of a minor or ward shall preclude an inmate from
receiving certain Bureau program benefits.

PS 5162.04
10/09/97
Page 19

8.  <u>OFFENSES COMMITTED BEFORE NOVEMBER 1, 1987</u>.  The Sentencing
Guidelines are generally not applicable for offenses committed
before November 1, 1987.  Accordingly, for offenses identified in
Section 7 or offenses similar to those listed in Section 7 of
this Program Statement that were committed before this date, case
managers must make a determination, based on the narrative
description of the crime contained in the PSI, whether the
offense involved:

- the use, attempted use, or threatened use of force;
- the use, carrying, or possession of a dangerous weapon;
- a serious potential risk that force might be used against
  the person or property of another; or
- sexual abuse committed upon children.

Offenses listed in Section 6, Crimes of Violence, or offenses
similar to those listed in Section 6, which were committed before
November 1, 1987, shall be treated in the same manner as new
law offenses.

9.  <u>CRIMES CODIFIED PURSUANT TO THE VIOLENT CRIME CONTROL AND LAW
ENFORCEMENT ACT OF 1994</u>.  The VCCLEA created a number of new
Federal criminal offenses and enhanced penalties for several
existing offenses.  Some of the new offenses are included in the
above lists, but the lists will be revised as needed after the
U.S. Sentencing Commission drafts new guidelines.  These lists
will also be updated periodically to reflect statutory changes or
at the Director's discretion.


                              /s/
                              Kathleen M. Hawk
                              Director