# Document 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT EARTHMAN,<br>　　　　Petitioner,<br><br>- v -<br><br>WARDEN JAMES F. SHERMAN,<br>　　　　Respondent, | :<br>:<br>:　Civil Action No. 05-188 (Erie)<br>:<br>:<br>:<br>: |

## DECLARATION OF MONICA RECKTENWALD

I, Monica Recktenwald, make the following declaration under penalty of perjury:

1. I am an Executive Assistant and Legal Liaison, employed by the United States Department of Justice, Federal Bureau of Prisons, Federal Correctional Institution (FCI), McKean, Pennsylvania. I have been employed in this capacity since approximately August 22, 2004.

2. As a Legal Liaison at FCI McKean, I have access to most records maintained in the ordinary course of business at FCI McKean, including inmate records maintained in the Central Files and Drug Abuse Treatment Department (DAP) at FCI McKean.

3. Attached hereto, please find true and correct copies of the following documents that are maintained in the ordinary course of business at FCI McKean:

　　a.　Judgment and Commitment Order, dated January 19, 1990;

　　b.　Court Order, dated March 9, 1998;

　　c.　Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) Eligibility (Attachment J) for inmate Robert Earthman, Reg. No. 62089-061; and

　　d.　Notification of Instant Offense Determination (Attachment N), for inmate Robert Eastman, Reg. No. 62089-061.

　　　　I declare the foregoing is true and correct to the best of
　　　　my knowledge and belief, and is given under penalty of
　　　　perjury pursuant to 28 U.S.C. § 1746.

Executed this 12th day of September, 2005.

　　　　　　　　　　　　　　　　　　　　_Monica Recktenwald_
　　　　　　　　　　　　　　　　　　　　Monica Recktenwald
　　　　　　　　　　　　　　　　　　　　Executive Assistant/Legal Liaison
　　　　　　　　　　　　　　　　　　　　Federal Correctional Institution
　　　　　　　　　　　　　　　　　　　　Bradford, Pennsylvania

# Document 2a

AO 245 S (3/88) Sheet 1 - Judgment Including Sentence Under the Sentencing Reform Act

# United States District Court

SOUTHERN District of OHIO

FILED
KENNETH J. MURPHY
CLERK
90 JAN 22 AM 11:26
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EASTERN DIV. COLUMBUS

UNITED STATES OF AMERICA
v.
ROBERT EUGENE EARTHMAN

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

Case Number Cr-2-89-162

(Name of Defendant)                    Mark Stanziano
                                       Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) __1,2,4,6 and 7_____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21:846 | Conspiracy to possess cocaine | 1 |
| 21:21:841(a)(1) | Possess with intent to distribute cocaine | 2 |
| 18:924(c) | Carry firearm while drug trafficking | 4 |
| 21:841(a)(1) & 845(a) | Possess with intent to distribute cocaine within 1000 feet of an elementary school. | 6 |
| 21:856(a)(2) & 18:2 | Control property for the purpose of storing crack | 7 |

The defendant is sentenced as provided in pages 2 through __4__ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☐ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
☒ It is ordered that the defendant shall pay to the United States a special assessment of $250.00, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number: 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

Defendant's mailing address:
1077 Duxberry Ave.,
Columbus, Ohio

Defendant's residence address:

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN MY OFFICE ON 1-22-90
KENNETH J. MURPHY, CLERK
BY: _____ Deputy Clerk
DATE: 1-22-90

January 19, 1990
Date of Imposition of Sentence

Signature of Judicial Officer
James L. Graham
United States District Judge
Name & Title of Judicial Officer

January 19, 1990
Date

AO 245 S (3/88) Sheet 2 - Imprison...

Defendant: ROBERT EUGENE EARTHMAN
Case Number: Cr-2-89-162

Judgment—Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Three Hundred (300) months.

This term consists of terms of 240 months on each of counts 1,2,6 and 7, all to be served concurrently, and a term of 60 months on count 4, to be served consecutively to the terms imposed on counts 1,2,6 and 7.

☐ The Court makes the following recommendations to the Bureau of Prisons:

On 2-21-90 I completed a partial transfer of the named within by assuming custody at FCI ASH and transporting him to FCI PET for further removal. P. Justus

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district,

☐ at ____ a.m./p.m. on _____.

☐ as notified by the Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

☐ before 2 p.m. on _____.
☐ as notified by the United States Marshal.
☐ as notified by the Probation Office.

On 2-22-90 I completed a partial transfer of the named within by assuming custody at FCI PET and transporting him to USP ATL for further removal. P. Justus

**RETURN**

I have executed this Judgment as follows:

Defendant delivered on 3-13-90 to FCI Sandstone _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (3/88) Sheet 3 - Supervise

Judgment—Page 3 of 4

Defendant: ROBERT EUGENE EARTHMAN
Case Number: Cr-2-89-162

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Five (5) years. This term consists of terms of 5 years on each of counts 1,2,4,6 and 7, all such terms to run concurrently.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

The defendant is not to possess any firearms or dangerous weapons.

The defendant is to participate in a program approved by the Probation Department for drug and alcohol dependency, to include urinalysis.

AO 245 S (3/88) Sheet 5 - Standard ~~~ s of Probation

Judgment—Page __4__ of __4__

Defendant: ROBERT EUGENE EARTHMAN
Case Number: Cr-2-89-162

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

**Document 2b**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
MAR 09 1998
KENNETH J. MURPHY, Clerk
COLUMBUS, OHIO

Robert Earthman,
: 
    Petitioner
: Case No. C-2-97-519
: (Crim. No. CR-2-89-162)
v.
: Judge Graham
:
United States of America,
: Magistrate Judge Abel
    Respondent
:

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN MY OFFICE ON March 9, 1998
KENNETH J. MURPHY, CLERK
BY: _____ Deputy Clerk
DATE: 3-9-98

ORDER

Petitioner Robert Earthman has filed a motion to vacate conviction and sentence pursuant to 28 U.S.C. §2255. In its response to the motion, the United States of America agrees that the Court should vacate the judgment of conviction entered on Count 4 of the superseding indictment, knowingly carrying a firearm, in violation of 18 U.S.C. §924(c).

The United States agrees that the firearms found inside Robert Earthman's residence at the time the search warrant was executed were not immediately accessible to him and were not transported by him during the underlying drug offenses, both of which are requirements to sustain a conviction under §924(c). United States

VERIFIED Sherry Hatfield
AGENCY U.S. Clerks Office
PHONE # 614-719-3000
DATE/TIME 3-19-98 2:13 pm
ISM STAFF _____

v. *Riascos Suarez*, 73 F.3d 616, 623 (6th Cir. 1996); *United States v. Moore*, 76 F.3d 111 (6th Cir. 1996).

Accordingly, petitioner Robert Earthman's motion to vacate sentence is GRANTED. The judgment of conviction entered on Count 4 of the superseding indictment is VACATED. The sentences imposed on Count 1 (conspiracy to possess cocaine in violation of 21 U.S.C. §846), Count 2 (possession of cocaine with intent to distribute in violation of 21 U.S.C. §841(a)(1)), Count 6 (possession of cocaine with intent to distribute within 1,000 feet of an elementary school in violation of 21 U.S.C. §§841(a)(1) and 845(a)), and Count 7 (control of property for the purpose of storing crack cocaine in violation of 21 U.S.C. §856(a)(2) and 18 U.S.C. §2) remain in full force and effect. Further, the sentence of 240 months' imprisonment imposed as a sentence for those counts remains in full force and effect. The 60-month sentence imposed on Count 4 to be served consecutively to the terms imposed on Counts 1, 2, 6, and 7 is VACATED.

James L. Graham
United States District Judge

**Document 2c**

12-9-06

dap wait ineligible

PS 5330.10
CN-03 October 09, 1996
Attachment J, Page 1

# NOTICE OF RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION AND PROVISIONAL § 3621(E) ELIGIBILITY

TO: Earthman, Robert                    REG NO: 62089-061

FROM: A. Enoch-Morris, Ph.D.            INSTITUTION: FCI, Elkton

TITLE: DAP Coordinator                  DATE: March 8, 2004

## SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

YOU HAVE REQUESTED PARTICIPATION IN THE BUREAU'S RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM. MY REVIEW OF YOUR CASE INDICATES THAT YOU (DO) / DO NOT MEET THE ADMISSION'S CRITERIA FOR THE RESIDENTIAL DRUG ABUSE PROGRAM. IT APPEARS THAT YOU (DO) / DO NOT QUALIFY TO PARTICIPATE IN THE RESIDENTIAL PROGRAM. (IF THE INMATE IS FOUND TO NOT QUALIFY, STATE THE REASON(S) BELOW).

Comments: _____

## SECTION 2 - PROVISIONAL § 3621(E) ELIGIBILITY - TO BE COMPLETED ONLY IF THE INMATE HAS COMPLETED OR QUALIFIES FOR THE RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM.

FOR RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM GRADUATES TO BE ELIGIBLE FOR EARLY RELEASE, THEY MUST (DAPC must initial):

**AEM**  NOT BE AN INS DETAINEE.

**AEM**  NOT BE A PRE-TRIAL INMATE.

**AEM**  NOT BE A CONTRACTUAL BOARDER.

**AEM**  NOT BE AN "OLD LAW" INMATE.

_____  NOT HAVE A CURRENT CRIME THAT IS AN EXCLUDING OFFENSE IN BOP CATEGORIZATION OF OFFENSES POLICY (Mark an 'X' in the appropriate block below).

**AEM**  NOT A CRIME OF VIOLENCE AS CONTAINED IN BOP CATEGORIZATION OF OFFENSES POLICY.

_____  NOT AN EXCLUDING CRIME BY THE DIRECTOR'S DISCRETION IN CATEGORIZATION OF OFFENSES POLICY

**AEM**  NOT HAVE ANY PRIOR FELONY OR MISDEMEANOR ADULT CONVICTION FOR HOMICIDE, FORCIBLE RAPE, ROBBERY, AGGRAVATED ASSAULT, OR SEXUAL ABUSE OF CHILDREN.

**AEM**  UNDERSTAND THAT NEARING THE TIME OF YOUR RELEASE, THE WARDEN WILL DETERMINE IF YOU ARE ELIGIBLE FOR TRANSFER TO A COMMUNITY-BASED PROGRAM. IF YOU ARE NOT ELIGIBLE, YOU CANNOT COMPLETE THE COMMUNITY TRANSITIONAL SERVICES PORTION OF THE DRUG PROGRAM, AND THEREFORE, YOU MAY NOT RECEIVE A § 3621 (e) RELEASE.

MY CURRENT ASSESSMENT, IN CONSULTATION WITH YOUR UNIT TEAM, IS THAT IT DOES / (DOES NOT) APPEAR THAT YOU ARE PROVISIONALLY ELIGIBLE FOR AN EARLY RELEASE. IF NOT, LIST **ALL** THE REASON(S):

Comments: Ineligible for early release under 3621(e) due to the following reason(s): 18 USC 924(c) vacated based on court order, however, the enhancement is presumed per P.S. 5162.04.

**IF APPLICABLE, I UNDERSTAND THAT A DETERMINATION OF EARLY RELEASE FOR ME IS PROVISIONAL, MAY CHANGE, AND DEPENDS ON CONTINUED POSITIVE BEHAVIOR AND SUCCESSFUL PARTICIPATION IN ALL COMPONENTS OF THE PROGRAM, INCLUDING COMMUNITY TRANSITIONAL SERVICES.**

INMATE'S SIGNATURE _[signature]_
(indicate if refused to sign)

cc: Drug Abuse Treatment file
    Unit Team (place in section 6 of Inmate Central file)

**Document 2d**

PS 5330.10
CN-03 10/9/97
Attachment N

### (NOTIFICATION OF INSTANT OFFENSE DETERMINATION)

DATE: March 8, 2004
REPLY TO: Dr. Enoch-Morris, DAP Coordinator
FROM: M. Burns, Unit Manager
SUBJECT: Earthman, Robert
62089-061

PART 1 - INSTANT OFFENSE DETERMINATION

Instructions: Please mark an "X" in either response I or response II, and then go to Part 2 on the back.

__X__ I. The inmate's instant offense is a crime that excludes him or her from early release under 18 U.S.C. 3621 (e). (If section I is initialed, place and "X" in either response A or B).

_____ A. Crime of Violence as contained in the Categorization of Offenses Program Statement.

__X__ B. Crime listed under the Director's Discretion as contained in the Categorization of Offenses Program Statement: Conspiracy to Possess and Possession with Intent to Distribute Cocaine; Near School; and Control of Property for the Purpose of Storing Crack. There was an unloaded shotgun and two .22 caliber weapons found in the kitchen. He was originally also convicted of Carrying Firearms While Drug Trafficking, but a Court Order signed by Judge James L. Graham states that the U.S. agrees that the firearms found inside his home were not immediately accessible to him and were not transported by him during the underlying drug offense, both of which are requirements to sustain a conviction under 924©). The sentence was vacated. He did not receive a +2 point enhancement in the PSI dated November 9, 1989.

Per Regional Counsel, the 2- point enhancement is presumed since the court order did not specify otherwise and he is ineligible for early release based on Director's Discretion (03-05-2004).

_____ II. The inmate's instant offense is not a crime that excludes him or her from early release under 18 U.S.C. 3621 (e).

PART 2. OTHER CRITERIA　　Instructions: (Please mark an "X" in front of each true statement).
__X__ 1. Inmate is not an INS Detainee.
__X__ 2. Inmate is not a Pretrial Inmate.
__X__ 3. Inmate is not a Contractual Boarder.
__X__ 4. Inmate is not a "old law" inmate.

Explanation or other pertinent (Information (e.g. inmate is both old law and new law)

After Parts 1 and 2 are completed, sign and date the form, and return it to the DAPC as soon as possible.
Unit Manager ( or designee) M. Burns, Unit Manager
Date of Review March 8, 2004

Original: Drug Abuse Treatment File
copy: Unit Team (place in section 4 of Inmate Central File)