IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT EARTHMAN, | Civ. No.: 05-188 (Erie) |
| Petitioner, | |
| | Judge: Sean J. McLaughlin |
| vs. | Magistrate J.: Susan P. Baxter |
| JAMES F. SHERMAN (WARDEN), | MOTION FOR RELIEF PURSUANT TO |
| Respondent. | 28 U.S.C. § 2241 |

**PRO-SE REPLY TO RESPONSE TO PETITION FOR
WRIT OF HABEAS CORPUS**

Now comes the petitioner, Robert Earthman, pro-se, to reply to the Respondent's response as follows:

**ARGUMENT**

WHETHER THE PETITIONER SHOULD BE DENIED BECAUSE 28 C.F.R. § 550.58 AS AMENDED, IS A PROPER EXERCISE OF THE DISCRETION OF THE DIRECTOR OF THE B.O.P. IN IMPLEMENTING THE EARLY RELEASE PROVISION AS SET FORTH AT 18 U.S.C. § 3621(e)(2)(B), AND PETITIONER WAS PROPERLY DETERMINED TO BE INELIGIBLE FOR EARLY RELEASE

In the case at hand, the Respondent argues that the Petitioner should be denied because 28 C.F.R. § 550.58 "as amended," is a proper exercise of discretion of the Director of the B.O.P. in implementing the early release provision as set forth at 18 U.S.C. § 3621(e)(2)(B).

In this matter, the Respondent relies on Lopez vs. Davis, 531 U.S. 230 (2001), where that petitioner challenged the BOP's determination which denied early release based on "a two-point specific offense characteristic enhancement," for carrying, possession, or use of a firearm had been applied.

Secondly, the respondent argues that based on the amended BOP policy, to presume a two-level sentence enhancement for possession of a firearm in denying what constitutes a violent crime is a permissable "interpretation of § 3621(e)."

Now in objection to the Respondent's response, the Petitioner states three reasons why the relief should be granted, First, the Petitioner argues that the facts in Lopez vs. Davis "do not" apply to his case, where in the present case the Petitioner "did not" receive a two-point enhancement after his § 924(c) was vacated. Secondly, the Petitioner argues that the amended program statement which is being relied on by the BOP to deny him eligibility for early release is "invalid". In Bohner vs. Daniels, 243 F.Supp.2d 1171 (D.OR. 2003), the federal district court held that the BOP's Program Statement 5162.04 could not be used to deny early release, where the program statement was not promulgated in compliance with the notice and comment procedures of 5 U.S.C. § 553 of the Administrative Procedure Act (APA), and the rule that the program statement purported to interpret, namely 28 C.F.R. § 550.58, was likewise invalid, because it, too, had not been issued in compliance with the Administrative Procedure Act. Id. at 1174-79.

Lastly, the Petitioner argues that applying the amended program statement which happened after his conviction and the filing of his

§ 2255, violates the ex post facto law, where in this case the amendment passed after the occurence of fact or commission of the act.

Now based on the above three factors, this Honorable Court should grant the relief sought and reverse the findings of the BOP which denied the Petitioner early release.

Respectfully Submitted,

Robert Earthman

## CERTIFICATE OF SERVICE

I certify that a copy of this reply was sent to Christy Wiegand, Asst. U.S. Attorney, at U.S. Courthouse and Post Office; 700 Grant Street, Suite 4000; Pittsburgh, PA 15219 by U.S. mail on this 13 day of October 2005, with correct postage paid.

Robert Earthman
Reg. No.: 62089-061
F.C.I. McKean
P.O. Box 8000
Bradford, PA 16701