IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT EARTHMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 05-188 (Erie) |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JAMES F. SHERMAN, | ) | |
| | ) | |
| Respondent. | ) | Filed electronically |

**RESPONDENT'S SURREPLY TO PETITION FOR WRIT OF HABEAS CORPUS**

COMES NOW Respondent James F. Sherman, Warden, FCI McKean ("Respondent"), and submits the following Surreply to Petitioner's Reply in support of his Petition for Writ of Habeas Corpus.

**INTRODUCTION**

Petitioner Robert Earthman ("Petitioner") has filed a Petition for Writ of Habeas Corpus, in which he claims that the Bureau of Prisons ("BOP") improperly denied him eligibility for early release. On September 23, 2005, Respondent responded to the Petition, explaining that the denial of early release eligibility was a proper exercise of the discretion of the Director of the BOP. Petitioner subsequently filed a Reply to Respondent's Response, arguing the following points: (1) that Lopez v. Davis, 531 U.S. 230 (2001) (cited by Respondent in his Response) is factually distinguishable from Petitioner's case, and should therefore not bar Petitioner from early release eligibility; (2) that 28 C.F.R. § 550.58 and Program Statement 5162.04 cannot be used as a basis for denying Petitioner early release, because a court in the District of Oregon has held that § 550.58 was not promulgated in compliance with the Administrative Procedures Act ("APA"); and (3) that the application of Program Statement 5162.04 to Petitioner violates the *Ex Post Facto* Clause of the

United States Constitution. In this Surreply, Respondent briefly addresses each of the issues raised by Petitioner in his Reply, and demonstrates conclusively why the Petition should be denied.

## ARGUMENT

**I.　Contrary to Petitioner's assertions, the Supreme Court's holding in <u>Lopez v. Davis</u> is applicable to Petitioner's situation, and affirms the BOP's discretion in denying Petitioner early release.**

In <u>Lopez v. Davis</u>, 531 U.S. 230 (2001), the United States Supreme Court held that the BOP's regulation, 28 C.F.R. § 550.58 (a)(1)(vi)(B), was a permissible exercise of that agency's discretion under 18 U.S.C. § 3621(e)(2)(B), and that the BOP therefore could permissibly deny early release based on an inmate's prior firearm involvement. In his Reply, Petitioner argues that <u>Lopez</u> is factually distinguishable from his own case, and its holding therefore inapplicable to him, because the petitioner in <u>Lopez</u> received a two-point firearm enhancement with his felony conviction, whereas Petitioner did not.  As Respondent explained in detail in his Response, the fact that Petitioner did not have a two-point enhancement is irrelevant, given Petitioner's vacated § 924(c) firearm conviction and the BOP's Program Statement 5162.04. Program Statement 5162.04 addresses such vacated sentences and directs that BOP staff should presume that inmates whose § 924(c) convictions had been vacated – such as Petitioner – would otherwise have received a two-point enhancement. Accordingly, Petitioner's situation is analogous to that of the petitioner in <u>Lopez</u>, and, pursuant to the Court's holding in that case, the denial of Petitioner's early release was a proper exercise of the BOP's discretion.

**II.     Because 28 C.F.R. § 550.58 was finalized on December 22, 2000, after a three-year notice and comment period in accordance with the Administrative Procedures Act, the exclusion of Petitioner from early release under 18 U.S.C. 3621(e) was not an abuse of discretion.**

Petitioner does not dispute that under 28 C.F.R. § 550.58 and BOP Program Statements 5330.10 (October 9, 1997) and 5162.04 (October 9, 1997), he is ineligible for early release pursuant to 18 U.S.C. § 3621(e). Instead, Petitioner applies the argument asserted by the petitioners in Bohner v. Daniels, 243 F.Supp. 2d 1171 (D.Or. 2003), and argues that 28 C.F.R. § 550.58 is invalid because it allegedly was not promulgated in accordance with the APA. Thus, he concludes, the Director of the BOP lacked the discretion to exclude from early release inmates who were convicted of non-violent offenses. Because any determination regarding Petitioner's early release eligibility was made after a three-year notice and comment period and after the finalization of the interim rule, the argument asserted by the Bohner petitioners does not apply to Petitioner, and the Petition should be dismissed.

As stated in Respondent's Response, the regulation in question was promulgated to implement the drug abuse treatment program incentive enacted in the Violent Crime Control and Law Enforcement Act of 1994. The regulation was initially introduced as an interim rule with a request for comments on May 25, 1995. See 60 Fed. Reg. 27692-01. See also, **Document 1f** to Response. The effective date of the initial interim rule was June 26, 1995. 60 Fed. Reg. 27692-01. On May 17, 1996, after receipt of comments, the initial interim rule was amended. On May 17, 1996, an amended interim rule was then published with a request for comments. 61 Fed. Reg. 25121-01. The amended interim rule indicated that comments would be accepted until July 16, 1996, and the rule would be effective upon publication on May 17, 1996. Id.

On October 15, 1997, the interim rule was amended once more. See 62 Fed Reg. 53690-01.

3

The amended interim rule was published on October 15, 1997, and comments were accepted until December 15, 1997. 62 Fed. Reg. 53690. The effective date of the amended interim rule was October 9, 1997, the date it was made available for publication. On December 22, 2000, after a notice and comment period of over three years, the BOP finalized all three interim final rules (60 Fed. Reg. 27692, 61 Fed. Reg. 25122, and 62 Fed. Reg. 53690) without change. 65 Fed. Reg. 80745-01 (December 22, 2000).

The APA requires that an agency (1) publish notice of a proposed rule in the Federal Register not less than thirty days before the rule's effective date, and (2) provide an opportunity for the public to comment on the rule. 5 U.S.C. § 553. In this case, there was no violation of the APA, because the rule utilized to preclude Petitioner from early release eligibility was a finalized rule that was subject to notice and comment pursuant to the APA before finalization.

Bohner, which is relied upon by Petitioner, is distinguishable from the instant case. In Bohner, numerous federal prisoners were determined in 1997 to be ineligible for early release based upon the interim rule published at 62 Fed. Reg. 53690 (October 15, 1997).[1] The inmates then filed habeas petitions challenging the denial of early release eligibility. Among other arguments, they asserted that 28 C.F.R. § 550.58 should not apply to them because the notice and comment procedure did not satisfy the requirements of the APA. The United States District Court for the District of Oregon recognized that the BOP had violated the APA's thirty-day advance notice requirement by making the 1997 regulation effective as of October 9, 1997, rather than as of November 14, 1997

---

[1] The factual background of the inmate petitioners was not included in Bohner, 243 F.Supp.2d 1171 (D.Or. 2003). The pertinent background information however was included in the lower court cases set forth at 22 F.Supp.2d 1131 (D.Or. 1998) and 28 F.Supp.2d 1264 (D.Or. 1998)(both reversed by Bowen v. Hood, 202 F.3d 1211 (9th Cir. 2000)).

(thirty days after the October 15, 1997 publication date). Bohner, 243 F.Supp.2d at 1174-75 (citing Grier v. Hood, 46 Fed. Appx. 433 (9th Cir. 2002)). The District Court concluded that because the statutory exceptions to the notice and comment provisions did not apply, and because the APA violations were not harmless as to the Bohner petitioners, the petitions should be granted.

This case is distinguishable from Bohner, because in the instant matter, Petitioner was not determined to be ineligible for an early release until March 8, 2004. See Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) Eligibility (Attachment J), at p. 2, attached to Respondent's Response as **Document 2c**. Thus, any determination regarding Petitioner's eligibility for early release was made only after the three year notice and comment period, and after the finalization of the interim rule. See 65 Fed. Reg. 80745-01 (December 22, 2000). Unlike Bohner, any procedural error in the promulgation of the 1997 interim rule had no impact on Petitioner, and was thus harmless.

Additionally, the APA contains a harmless error provision, 5 U.S.C. § 706. Section 706 provides that the court must take "due account" of the rule of "prejudicial error" in reviewing agency actions. In Buschmann v. Schweiker, 676 F.2d 352, 358 (9th Cir. 1982), the Ninth Circuit held that an improperly promulgated interim rule is invalid as to persons disqualified prior to the issuance of the final rule. An agency may rely on harmless error only "when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of decision reached." Buschmann v. Schweiker, 676 F.2d at 358; Braniff Airways v. C.A.B., 379 F.2d 453, 466 (D.C.Cir.1967) (cited in U. S. Steel Corp. v. United States Environmental Protection, 595 F.2d 207, 215 (5th Cir. 1979)). Accordingly, even assuming, arguendo, that the BOP had violated the APA by not publishing the October 1997 interim rule prior to its effective date, Petitioner is not entitled to

any relief because he was not harmed by the BOP's decision to make the interim rule effective prior to its publication date. See Buschmann v. Schweiker, 676 F.2d at 358. To demonstrate such harm, Petitioner would have to show: (1) that during the period in which the advanced notice would have taken place, the BOP took some action based on the interim rule that affected him adversely; and (2) that the BOP's adverse action would have been different if it had waited until the expiration of a reasonable advance notice period in which to effect the rule. See U.S. Steel Corp. v. U.S. E.P.A., 605 F.2d 283, 291 (7th Cir. 1979), cert. denied, 444 U.S. 1035 (1980). Here, Petitioner cannot show such harm because the applicable notice period occurred prior to any determination regarding his early release eligibility; accordingly, he cannot show that he was adversely affected by any alleged premature exercise of the regulation.

Further, to the extent that Petitioner is arguing that BOP Program Statement 5162.04 is invalid because it was not promulgated in compliance with APA requirements, that argument is meritless. BOP program statements are akin to "interpretive rules," and are not subject to APA requirements such as notice and comment. See Reno v. Koray, 515 U.S. 50, 61 (1995); see also, Jacks v. Crabtree, 114 F.3d 983, 985 n. (9th Cir. 1997); Hill v. Pugh, 75 Fed.Appx. 715, 720 (10th Cir. 2003); Phillips v. Hawk, 1999 WL 325487, at *1 (D.C. Cir. 1999); cf. Elizabeth Blackwell Health Center for Women v. Knoll, 61 F.3d 170, 181 (3d Cir. 1995) (directive from director of Health Care Financing Administration constituted an interpretive rule that was not subject to the notice-and-comment requirements of the APA).

Because Petitioner's exclusion from the early release incentive of 18 U.S.C. § 3621(e) occurred only after proper rule-making and finalization of 28 C.F.R. § 550.58, and because Petitioner was not affected, adversely or otherwise, by any procedural errors that may have occurred prior to

the finalization of 28 C.F.R. § 550.58, his challenge to the determination that he is not eligible for early release is meritless. Equally meritless is his claim that the BOP's program statement 5162.04 is invalid because it was not subject to the notice and comment procedures of the APA. Accordingly, the Petition should be denied.

> III.   **The Petition should be denied because the application of 28 C.F.R. 550.58, as amended, to Petitioner does not violate the *Ex Post Facto* Clause of the United States Constitution.**

In his Reply, Petitioner maintains that the law in effect on August 6, 1988 (the date his offense was committed), governs his eligibility for early release, and that the retroactive application of the current BOP regulations and/or policy to him violates the *Ex Post Facto* Clause of the United States Constitution. This argument lacks merit.

It is well settled that in order for an *ex post facto* violation to occur, two elements must be present: (1) a law must be retrospective, that is, it must apply to events occurring before its enactment; and (2) the change in the law must alter the definition of criminal conduct or increase the penalty by which a crime is punishable. Stiver v. Meko, 130 F.3d 574, 578 (3d Cir. 1997); Warren v. Miles, 230 F.3d 688, 692 (5th Cir. 2000) (an *ex post facto* violation is established when a new law is applied to events occurring before its enactment and it creates a sufficient risk of increased punishment, citing California Dept. Of Corrections v. Morales, 514 U.S. 499, 509 (1995)). The court must "rigorously analyze the level of risk that an inmate's prison stay will be longer because of a change in the law that applies retroactively." Warren v. Miles, 230 F.3d at 692 (citations omitted).

Petitioner's *ex post facto* argument fails because the application of the Program Statement and regulation in question to Petitioner did not increase the penalty for his offense; rather, they merely deprived him of an opportunity to take advantage of a discretionary early-release provision.

As a result, no *ex post facto* violation occurred. See, e.g., Stiver v. Meko, 130 F.3d at 578 (finding that the BOP's application of 3621(e)(2)(B) did not constitute an *ex post facto* violation because the inmate suffered no disadvantage as a result of the regulation: "the legal consequences of his crime [] were the same when he committed it as they are today"); Warren v. Miles, 230 F.3d at 692-93 (denial of early release was not an *ex post facto* violation; the program statement "merely clarif[ied]" the law regarding early release eligibility, and was not a change that placed petitioner at risk of increased punishment); Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998) (denial of early release pursuant to 28 C.F.R. § 550.58 and BOP program statement did not constitute an *ex post facto* violation because the challenged regulation did not affect the legal consequences of petitioner's crime or increase his punishment); Wottlin v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998) (no *ex post facto* violation under § 550.58 and § 3621 where an inmate's eligibility for early release has always been subject to the discretion of the BOP); Alexander v. Wendt, 127 Fed. Appx. 695, 696 (5th Cir. 2005) (unpublished) (no *ex post facto* violation where inmate was denied early release under § 3621(e)(2)(B) because "[t]he application of the program statements and regulations to [petitioner] merely deprived him of an opportunity to take advantage of a discretionary early-release provision. They did not increase the penalty for his offense").

Petitioner's *ex post facto* argument is further undermined by the fact that Petitioner's sentence commenced five years before the early release provision of 18 U.S.C. § 3621 (e) was enacted. Thus, at the time of his conviction and sentencing, Petitioner would not have been eligible for the sentence reduction to which he now claims entitlement, because the enabling statute did not exist. Today, he is still ineligible. See Stiver, 130 F.3d at 759; Wottlin, 136 F.3d at 1308; Santos v. Beeler, 40 F.Supp.2d 566, 573-74 (D.N.J. 1999) (noting that the denial of early release pursuant to 28 C.F.R.

8

§ 550.58 did not effect an *ex post facto* violation because that regulation did not impose any disadvantage upon petitioner that he did not face at the time of his sentencing, which was prior to the enactment of § 3621(e)).

Thus – and first assuming, <u>arguendo</u>, that a BOP program statement is a "law" that is subject to *ex post facto* review – the retroactive application of Program Statement 5162.04 does not place Petitioner at risk of increased punishment. Rather, the Program Statement merely clarified the law in effect. <u>See</u> <u>Miles</u>, 230 F.3d at 693-94. Further, because he was sentenced in 1990 before Section 3621's early release eligibility provision even existed, Petitioner cannot assert that he has been deprived of any right he possessed prior to the application of 28 C.F.R. § 550.58; he was ineligible for early release at the time of sentencing, and is still ineligible for early release. Accordingly, no *ex post facto* violation has occurred, and the Petition must be denied.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in Respondent's *Response*, the Court should deny the Petition for Writ of Habeas Corpus.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


 s/ Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

## CERTIFICATE OF SERVICE

I hereby certify that I have served this date a copy of the within Surreply, by mail or electronic filing, upon the following:

Robert Earthman
Register No. 62089-061
FCI McKean
P.O. Box 8000
Bradford, PA  16701


   s/ Christy Wiegand
CHRISTY WIEGAND

Date: November 7, 2005