## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT EARTHMAN,                    )
               Petitioner            )          C.A. No. 05-188 Erie
                                         )
           v.                              )          District Judge McLaughlin
                                         )          Magistrate Judge Baxter
JAMES F. SHERMAN,                   )
               Respondent.           )

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.        RECOMMENDATION

It is respectfully recommended that the instant *Petition for Writ of Habeas Corpus* ("Petition") be denied and that a certificate of appealability be denied.

## II.        REPORT

Petitioner Robert Earthman, presently incarcerated at the McKean Federal Correctional Institution in Bradford, Pennsylvania, brings the instant petition for writ of habeas corpus. Petitioner is challenging the Bureau of Prisons' ("BOP") denial of his eligibility for a sentence reduction pursuant to 18 U.S.C. §3621(e)(2)(B) ("Section 3621(e)"). Petitioner claims that the BOP abused its discretion by excluding him from eligibility for a one year sentence reduction under Section 3621(e) for completing a substance abuse treatment program. In particular, Petitioner contends that the denial of the one-year sentence reduction is based upon the BOP's assumption that, had he not been originally convicted pursuant to 18 U.S.C. § 924(c), he would have received a two-level sentencing enhancement for possessing a firearm during the commission of the crimes of which he was convicted. (See Petition at ¶ 7(a) and supporting Memorandum at pp. 5-6). As relief, Petitioner seeks to be deemed eligible for early release under Section 3621(e).

**A.    Factual History**

On January 19, 1990, Petitioner was sentenced by the United States District Court for the Southern District of Ohio, to serve 300 months in prison, followed by a five year term of supervised release, for Possession with Intent to Distribute Cocaine; Conspiracy to Possess with Intent to Distribute; Distribution of Cocaine Base, Crack, Within 1,000 Feet of a Public School; Knowingly Controlling and Making Available a Place for the Purpose of Storing and Distributing Cocaine; and Carrying a Firearm while Drug Trafficking, in violation of 21 U.S.C. §§ 846, 841(a)(1), 856(a)(2) and 18 U.S.C. §§ 2 and 924(c). (See Document # 7, Response to Petition, at p. 1). On March 9, 1998, after Petitioner successfully appealed the firearm conviction pursuant to 18 U.S.C. § 924(c), Petitioner's sentence was reduced to 240 months of imprisonment. Assuming that he receives all good conduct time available to him under U.S.C. § 3624(b), Petitioner's projected release date is December 9, 2006. (See Document # 7, Response to Petition, Attachment 1a at p. 4).

On or about March 8, 2004, the BOP provisionally determined that Petitioner was not eligible for early release under 18 U.S.C. § 3621(e), because his criminal offense was one that the director of the BOP had determined should preclude inmates from eligibility for the early release benefit. (Document # 7, Attachments 2c and 2d). Nevertheless, Petitioner commenced the drug treatment program at FCI-McKean on January 12, 2005. (See Document # 7, Response to Petition, Attachment 1e). Petitioner filed the instant habeas petition on June 16, 2005, challenging the denial of a one-year sentence reduction under Section 3621(e).

**B.    Subject Matter Jurisdiction**

Initially the Court notes that, although a challenge to a federal sentence *as imposed* must be made under 28 U.S.C. § 2255, a claim concerning *execution* of a federal sentence by federal prison and parole authorities is properly brought under 28 U.S.C. § 2241. Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir.), cert. denied, 429 U.S. 851 (1976). Because Petitioner is primarily challenging the terms (i.e. execution) of his sentence, his habeas petition is properly brought under Section 2241.

2

### C.    Exhaustion

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his or her claim to federal court.  United States v. Wilson, 503 U.S. 329, 334-35 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); United States v. Keller, 58 F.3d 884 (2d Cir. 1995); United States v. Brann, 990 F.2d 98, 104 (3d Cir. 1993). The Bureau of Prisons is the agency charged with administering the federal prison system.  Reno v. Koray, 515 U.S. 50, 57 (1995); Wilson, 503 U.S. at 334-335. For federal prisoners challenging Bureau of Prisons determinations, the initial venue is the administrative process. The Bureau of Prisons codified its Administrative Remedy Program ("ARP") in 28 C.F.R. Part 542, which provides detailed procedures and guidelines for federal prisoners to seek administrative review of any aspect of their confinement.

Respondent acknowledges that Petitioner has exhausted his administrative remedies. (See Document # 7, Response to Petition, at page 3 and Attachments 1b, 1c and 1d). Accordingly, his Petition is ripe for review by this Court.

### D.    DISCUSSION

#### 1.    Application of 18 U.S.C. § 3621(e)

Congress enacted the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA") on September 13, 1994.  As part of the VCCLEA, Congress amended 18 U.S.C. §3621(e)- Substance Abuse Treatment in Federal Prisons, to provide incentives for inmates to successfully compete residential drug treatment programs.  The early release provisions of Section 3621(e) were enacted as part of this amendment, and provide, in pertinent part, as follows:

> **Period of Custody.** - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B)(1995).

3

In 1995, shortly after the enactment of Section 3621(e), the BOP published a rule to implement the early release incentive. 28 C.F.R. § 550.58. Because the statute explicitly applied the incentive only to prisoners convicted of "nonviolent offense[s]," the BOP ranked ineligible for early release all inmates who were incarcerated for "crime[s] of violence." Id. The BOP then attempted through a Program Statement to define "crimes of violence," which included drug offenses that involved a two-level sentence enhancement for possession of a firearm P.S. 5162.02, §9 (July 24, 1995). This resulted in a division among the Circuits over the validity of the BOP's definition of "crimes of violence." The Eleventh Circuit was among the Circuits that held that Section 3621(e) required the BOP to look only to the offense of conviction and not to sentencing factors in determining whether an offender was convicted of a "nonviolent offense," and was, therefore, eligible for early release. See Byrd v. Hasty, 142 F.3d 1395, 1398 (11th Cir. 1998); see also Roussos v. Menifee, 122 F.3d 159, 164 (3d Cir. 1997); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998). But see Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999); Venegas v. Henman, 126 F.3d 760, 763 (5th Cir. 1997) (upholding the BOP's classification of drug offenses accompanied by firearm possession as violent crimes).

The split of authority among the Circuits prompted the BOP to amend and supplement its regulations on Drug Abuse Treatment Programs, 28 C.F.R. Subpart F, Section 550.50, *et. seq.*, in October 1997.[1] In contrast to its earlier regulations, the BOP no longer relied upon the definition of "crimes of violence" to exclude from early release offenders who possessed firearms in connection with their offenses. Rather, the BOP relied upon its discretion to prescribe additional early release criteria by amending 28 C.F.R. § 550.58 to provide, in pertinent part:

> An inmate who was sentenced to a term of imprisonment pursuant to [the Sentencing Guidelines] for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully

---

[1]

The effective date of the amended regulation was the date it was filed with the Federal Register and made available to the public. Although the amendments were not actually published in the Federal Register until October 15, 1997, they were submitted to the Federal Register and made publicly accessible on October 9, 1997. See 62 Fed. Reg. 53690-01, 1997 WL 630755 (Oct. 15, 1997).

4

completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

    (a)    Additional Early Release Criteria

        (1)    **as an exercise of the discretion vested in the Director of the Federal Bureau of Prisons**, the following categories of inmates are not eligible for early release:

            *        *        *

        (vi)    Inmates whose current offense is a felony:

            *        *        *

        (B)    That involved the **carrying**, **possession**, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).

28 C.F.R. § 550.58 (a)(1)(vi)(B)(2000) (emphasis added).

       The foregoing BOP regulation was upheld by the Supreme Court as a valid exercise of the BOP's discretion under 18 U.S.C. § 3621(e). <u>See</u> <u>Lopez v. Davis</u>, 531 U.S. 230 (2001). In <u>Lopez</u>, an inmate challenged the BOP's determination that he was not eligible for early release based upon his conviction under 21 U.S.C. § 841, to which a two-point "specific offense characteristic" ("SOC") enhancement for "carrying, possession, or use of a firearm" had been applied. The Court held that the BOP's regulation was a permissible construction of the statute, and that the BOP had the discretion to categorically deny early release to felons whose offenses involved the "carrying, possession, or use of a firearm." <u>Lopez</u>, 531 U.S. at 242. The Court reasoned that 28 C.F.R. § 550.58 was permissible because, in promulgating that regulation, the BOP had reasonably concluded that an inmate's involvement with firearms in connection with the commission of a felony suggested a readiness to resort to life-endangering violence. <u>Id</u>. at 244; <u>see also</u> <u>Venegas v. Henman</u>, 126 F.3d 760, 763-765 (5ᵗʰ Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1108 (1998)("[t]he discretion vested in the [BOP] to determine what offense, in context, are violent for purposes of section 3621(e) and, therefore, not appropriate for exposure to the incentive of early release, fulfills the will of Congress and satisfies both the wording and the intent of the statute")

Here, Petitioner contends that the BOP abused its discretion in precluding him from eligibility for early release based upon 28 C.F.R. § 550.58, because his conviction of Carrying a Firearm while Drug Trafficking, in violation of 21 U.S.C. 924(c), was vacated. However, BOP Program Statement 5162.04 was issued in conjunction with 28 C.F.R. § 550.58 to specifically address cases involving inmates, such as Petitioner, whose convictions under 18 U.S.C. § 924(c) were vacated pursuant to the holding in <u>Bailey v. U.S.</u>, 516 U.S. 137 (1995).[2]  In particular, P.S. 5162.04 provides, in pertinent part:

> In some cases, an inmate may be convicted of an offense listed in this section as well as 18 U.S.C. § 924(c)(1), use of a firearm during a crime of violence or drug trafficking crime.  According to the U.S. Sentencing Guidelines, if a defendant receives a § 924(c)(1) conviction, the court may assess a two level "Specific Offense Characteristic" enhancement for possession of a firearm; however, in light of the Supreme Court ruling in *Bailey v. U.S.,* 116 S.Ct. 501 (1995), a number of § 924(c)(1) convictions have been vacated.  In *Bailey,* the Court held that the term "use" connotes an active employment of the firearm.  If any of the offenses listed in this section were accompanied by a § 924(c)(1) conviction that was subsequently vacated due to the *Bailey* decision **staff shall presume that the inmate would have received a two-level "Specific Offense Characteristic" enhancement for possession of a firearm unless there is a specific court order to the contrary.  Thus, absent a court order specifically denying the application of a two point enhancement for possession of a firearm, the inmate will not receive certain Bureau program benefits.**

(Document # 7, Response to Petition, Attachment 1g at p. 12)(emphasis added).

In this case, the original sentencing order did not specifically deny the application of a two point enhancement for possession of a firearm. (Document # 7, Response to Petition, Attachment 2a).  As a result, Petitioner submitted a letter to his sentencing judge, Chief United States District Judge James L. Graham, requesting an order "specifically denying the application of a two point enhancement for possession of a firearm" in order to comply with the terms of P.S. 5162.04 and, thus, become eligible for the one-year sentence reduction offered by 18 U.S.C. § 3621(e). (Document # 7, Response to Petition, Attachment 1b at p. 9).  In response,

---

[2]

In <u>Bailey</u>, the Supreme Court held that the term "use" (in reference to a firearm under 18 U.S.C. § 924(c)) should be interpreted to mean only active employment of a weapon in drug trafficking, and not mere possession.  <u>Bailey</u>, 516 U.S. at 150.

District Judge Graham issued an Order denying Petitioner's request. (Id. at p. 10).

Absent the specific order mandated by P.S. 5162.04, and given the fact that Petitioner's drug offenses involved possession of a firearm, the BOP properly exercised its discretion in denying Petitioner early release under 18 U.S.C. § 3621(e).  See Tasby v. Pratt, 2002 WL 1160071 (N.D.Tex. May 29, 2002)(holding that BOP's "policy to presume a two-level sentence enhancement for possession of a firearm in defining what constitutes a violent crime is a permissible interpretation of § 3621(e)").

## 2.    Administrative Procedures Act

In his Reply to Respondent's Response to Petition [Document # 8], Petitioner argues that 28 C.F.R. § 550.58 was not promulgated in accordance with the Administrative Procedure Act ("APA") and, thus, is not valid.  As a result, Petitioner argues that the BOP lacks discretion to exclude inmates like him, who were convicted of non-violent offenses, from the early release provisions of Section 3621(e).  In making this argument, Petitioner relies exclusively upon the holding of Bohner v. Daniels, 243 F.Supp.2d 1171 (D.Or. 2003).

In Bohner, numerous federal prisoners were determined in 1997 to be ineligible for early release based upon the interim rule published at 62 Fed. Reg. 53690 (October 15, 1997), which ultimately became the final regulation at 28 C.F.R. § 550.58.  The inmates filed habeas petitions challenging the denial of early release eligibility, arguing that the interim rule did not satisfy the notice and comment requirements of the APA.  The Oregon District Court agreed, holding that the BOP violated the APA's thirty-day advance notice requirement by making the 1997 interim rule effective as of October 9, 1997, rather than as of November 14, 1997 (thirty days after the October 15, 1997, date of publication in the Federal Register). Bohner, 243 F.Supp2d 1174-75. As a result, the Bohner court found the interim rule to be invalid as to the petitioners who were adversely affected by its application, and granted the habeas petitions.

The Respondent argues that the present case is distinguishable from Bohner because 28 C.F.R. § 550.58 became final on December 22, 2000, after a three year notice and comment period and well before Petitioner was determined to be ineligible for early release on or about

March 8, 2004. (Document # 7, Response to Petition, Attachment 2c at p. 2).  As a result, Respondent argues that any procedural error in the promulgation of the 1997 interim rule had no impact on Petitioner and was, thus, harmless, citing Buschmann v. Schweiker, 676 F.2d 352, 358 (9th Cir. 1982)(holding that an improperly promulgated interim rule is invalid as to persons disqualified prior to the issuance of the final rule).  This Court agrees with Respondent.

As cited by Respondent, to demonstrate harm, Petitioner would have to demonstrate that: (i) during the period in which the advanced notice would have taken place, the BOP took some action based on the interim rule that affected him adversely; and (ii) that the BOP's adverse action would have been different if it had waited until the expiration of a reasonable advance notice period in which to effect the rule.  See U.S. Steel Corp. v. U.S. E.P.A., 605 F.2d 283, 291 (7th Cir. 1979), cert. denied, 444 U.S. 1035 (1980)(declining to reverse agency action for alleged non-compliance with advance notice rule if notice and comment had occurred before effective date).  Petitioner cannot show such harm because the applicable notice and comment period expired prior to the date he was determined to be ineligible for early release and, thus, he could not have been adversely affected by the premature exercise of 28 C.F.R. § 550.58 in the same way as the Bohner petitioners were.  Accordingly, Petitioner's challenge to the validity of 28 C.F.R. § 550.58, as applied to this case, must fail.

### 3.    *Ex Post Facto* Challenge to P.S. 5162.04

In his Reply to Respondent's Response to Petition, Petitioner also raises the argument that the retroactive application of P.S. 5162.04 to preclude him from early release under 18 U.S.C. § 3621(e) violates the *Ex Post Facto* Clause of the United States Constitution. [Document # 8 at pp. 2-3).  This argument lacks merit.

The *Ex Post Facto* Clause of the United States Constitution provides that "[n]o state shall . . . pass any . . . *ex post facto* law." U.S. Const. Art. 1, § 10.  The Supreme Court has instructed that "[t]o fall within the *ex post facto* prohibition, a law must be retrospective--that is it must apply to events occurring before its enactment--and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the

crime." Lynce v. Mathis, 117 S. Ct. 891, 896 (1997) (citation and quotation omitted).

In analyzing whether a law violates the *Ex Post Facto* Clause, the courts are required to determine whether the law resulted in "a sufficient risk of increasing the measure of punishment attached to the covered crimes." California Dep't of Corrections v. Morales, 514 U.S. 499, 509 (1995). See also Garner v. Jones, 529 U.S. 244, 255 (2000) (when the rule at issue does not by its own terms show a significant risk, the burden is on the parole applicant to demonstrate "that its retroactive application will result in a longer period of incarceration than under the earlier rule"); Johnson v. United States, 529 U.S. 694 (2000) (to succeed in *ex post facto* claim petitioner must prove that legislation increases the penalty from whatever the law provided when the criminal act was committed.). Cf. Hameen v. State of Delaware, 212 F.3d 226, 240 (3d Cir. 2000) (focus of *ex post facto* inquiry is not on whether legislative change produces some ambiguous sort of disadvantage ... rather, proper focus is whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable) (citations omitted).

Thus, to succeed in establishing his *ex post facto* claim, Petitioner must be able to prove that the alleged change in law resulted in an increased penalty. This he cannot do.

Simply stated, the Program Statement and underlying regulation at issue did not increase the penalty for Petitioner's offense; rather, they merely deprived him of an opportunity to take advantage of a discretionary early-release provision. Consequently, no *ex post facto* violation occurred. See, e.g., Stiver v. Meko, 130 F.3d 574, 578 (3d Cir. 1997)(finding that the BOP's application of 3621(e)(2)(B) did not constitute an *ex post facto* violation because the inmate suffered no disadvantage as a result of the regulation: "the legal consequences of his crime were the same when he committed it as they are today"); Warren v. Miles, 230 F.3d 688, 692-93 (5th Cir. 2000)(denial of early release was not an *ex post facto* violation; the program statement "merely clarif[ied]" the law regarding early release eligibility, and was not a change that placed petitioner at risk of increased punishment); Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998)(denial of early release pursuant to 28 C.F.R. § 550.58 and BOP program statement did not constitute an *ex post facto* violation because the challenged regulation did not affect the

9

legal consequences of petitioner's crime or increase his punishment); Alexander v. Wendt, 127 Fed. Appx. 695, 696 (5th Cir. 2005)(finding no *ex post facto* violation where inmate was denied early release under § 3621(e)(2)(B) because "[t]he application of the program statements and regulations to [petitioner] merely deprived him of an opportunity to take advantage of a discretionary early-release provision.  They did not increase the penalty for his offense").

Moreover, Petitioner's sentence commenced five years before the early release provisions of 18 U.S.C. § 3621(e) were enacted.  Thus, at the time of his conviction and sentencing, Petitioner would not have been eligible for the sentence reduction to which he now claims entitlement, because the early release provisions did not exist.  As a result, Petitioner's *ex post facto* challenge must fail.  See Santos v. Beeler, 40 F.Supp.2d 566, 573-74 (D.N.J. 1999)(noting that the denial of early release pursuant to 28 C.F.R. § 550.58 did not effect an *ex post facto* violation because that regulation did not impose any disadvantage upon petitioner that he did not face at the time of his sentencing, which was prior to the enactment of § 3621(e)).

### E.      Certificate of Appealability

The Antiterrorism Act included several major reforms to the federal habeas corpus laws. Section 102 of the Antiterrorism Act (28 U.S.C. § 2253(c) (as amended)) codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended section 2253 provides that "a certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Petitioner has not demonstrated that he was denied any of his constitutional rights.

## III.   CONCLUSION

For the foregoing reasons, the instant petition for writ of habeas corpus should be denied.  A certificate of appealability should also be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date

of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge


Dated: July 27, 2006

cc:     The Honorable Sean J. McLaughlin
        United States District Judge

11